## WARDELL *against* FOSDICK & DAVIS.

THIS was an action of trespass on the ·case for a deceit in selling to the plaintiff, for a valuable consideration, land which had no existence. The cause was tried before *Mr. J. Spencer,* at the *New-York* sittings, in *November,* 1815.

The following are the material facts in the case :

*William S. Corlies,* of the city of *New-York,* and *Mary his* *wife,* by indenture dated the first of *January,* 1809, conveyed to the defendants, in consideration of the sum of five hundred and fifty dollars, a certain tract of land, described as lying in the township of *Moab,* in the county of *Luzerne,* and state of *Pennsylvania,* containing 450 acres, in lot No. 14, in the said township. The deed contained covenants of seisin, quiet enjoyment and warranty. Some time after the execution of the deed, *Fosdick,* one of the defendants, called on *Corlies,* and told him that he had been in the state of *Pennsylvania,* and had examined the records there, and could find no such town or land as were described in the deed, and said that *Corlies* had broken the covenants in the deed, and threatened to prosecute him. Some time after this *Corlies* received a note from *Mr. Bostwick,* who then acted for the defendants as their attorney, informing him that he had been instructed by the defendants to bring a suit against him for the consideration money mentioned in the deed. *Corlies* again called upon *Bostwick,* in consequence of another note, who said that he must sue him, but offered, that if he would give a note for 125 dollars, with a good endorsor, he would give up the deed, but this *Corlies* said he was not able to do. *Corlies,* some time afterwards, met *Davis,* the other defendant, who told him that he had sold the land, and *Corlies* never heard any thing more from the defendants on the subject. After the conversation above mentioned between *Fosdick* and *Corlies,* the

An action on the case for a deceit lies for fraudulently selling land whi. h has no real existence, notwithstanding any covenant, in the deed, which the plaintiff may treat as a nullity.

defendants conveyed to the plaintiff, by deed dated the 25th *April,* 1811, for the consideration of 450 dollars, the tract of land lying in the township of *Moab,* being the same as was conveyed to them by *Corlies,* and covenanted only that they had done no acts to impeach the title. The defendants, on the same day, executed an assignment to the plaintiff of the deed from *Corlies* to them. A verdict was found for the plaintiff, subject to the opinion of the court.

*Edwards,* for the plaintiff, contended, 1. That the defendants having themselves examined and ascertained the fact that there was no such land in existence as they offered to sell to the plaintiff, were bound to disclose that fact to him, and the suppression of it was a fraud and *deceit,* for which this action properly lies.* The covenants in the deed were broken as soon as they were made.†

2d. That, if any objection could have been made to the action, it cannot now be made, as the proof fully supported the third count in the declaration, and the defendants can only avail themselves of the objection on a motion in arrest of judgment, or by writ of error.

* 1 Roll Abr. 90.
2 Hen. VI. 53. b.
Cro. Eliz. 44.
1 Fonb. Eq. 366.
1 Ves. 96. Nels.
Chan. Rep. 118.
Seixas v. Wood,
2 Caines' Rep.
58. Spencer, J.
Niven v. Belknap, 2 Johns.
Rep. 573.
† Pitcher v. Livingston, 4 Johns.
Rep. 1.

*Baldwin,* contra. The cases cited are those of sales of personal property, where there is an implied warranty as to title. They do not apply to a sale of real estate, where the purchaser must rely on his covenants as to the title. The cases decided in chancery are those in which a party applies for the specific performance of an agreement of sale, and the court will not help him if he has not acted fairly. To support this action there must have been an industrious concealment, by the vendor, of a fact unknown to the purchaser, or the defect must be latent. If the defect were *patent,* or could have been discovered by a vigilant man, equity will not help the purchaser.‡ The rule in regard to the sale of land, is *caveat emptor.* The fact, whether there was any such land in existence, or not, must be regarded as *patent;* for, by a reference to the records of the state of *Pennsylvania,* it might have been easily ascertained whether there was any such place or land as that described. Again; how can *Davis,* the other defendant, be charged with fraud? The evidence of concealment, or of false affirmation, applies only, if at all, to *Fosdick.*

‡ Sugd. Law of
V. 2. 195. 2 Ld.
Raym. 1118,1119.
1 Salk. 210. 3
Term Rep. 51.
56.

*Slosson*, in reply, insisted, that the action was sustainable. The principle laid down in the books is, that if a vendor practises deceit, or conceals a fact, which goes to the essence of the contract, an action lies. The cases which support this doctrine are numerous, and relate to the sale of lands.[*] In *Lynsey* v. *Selby*,[†] the court put their decision on the ground of a concealment by the vendor of a matter of fact. Here the defendants had previously examined and ascertained the fact of the nonexistence of the land, or township, and to avoid responsibility they referred to *Corlies*, and exhibited *Corlies'* deed with full covenants and warranty.

"Silence," in this case, as is said by *Roberts*, "was treacherously expressive."[‡] The non-existence of the township, or land, is not a *patent* defect. Though the plaintiff might be bound to know the towns of this state, which are of record, yet he is not under the same obligation in regard to towns in other states.

Can the assignment of the covenants in *Corlies'* deed, destroy the plaintiff's right of action for the deceit? The assignment is tantamount to the defendants' own covenants; and it is settled, that the action for a *deceit* is collateral to the action on the covenants in the deed of the vendor. This action is for the damages caused by the deceit; the covenants are for the security of the title. The covenants were broken when they were assigned. The assignment was of a mere *chose in action*, or a lawsuit. If a covenant is to be a bar to this action, it must be a perfect substitute. The case of *Lynsey* v. *Selby* shows, that this action lies, notwithstanding the covenant, in the deed of the vendor. And in *Pitcher* v. *Livingston*, VAN NESS, J., seems to take it for granted, that the action lies in such case. The action for a *deceit* is a distinct and substantive cause of action. One covenant cannot be pleaded in bar of an action on another covenant, for the damages recovered may be different.[§]

Several other points were raised and discussed by the counsel, but it is unnecessary to state them, as they were not noticed by the court.

*Per Curiam.* The evidence is sufficient to support the allegation of fraud against both the defendants, and there appears no legal objection to this form of action. Where the party has been induced, by such a fraudulent representation, to

[*] *Sugd. L. of V.* 1—6. 1 *Lev.* 102. 2 *Caines' Rep.* 103.  4 *Johns. Rep.* 12. *Co. Litt.* 384. *a.* n. 332. *ad finem.* 1 *Com Dig.* 280. *Action on the case for a deceit,* (A. 8.) 1 *Sid.* 146.
[†] *Ld. Raym.* 1118.

[‡] *Rob. on Frauds,* 130.  2 *Johns. Rep.* 589.

[§] 2 *Vent.* 217. *Bennet* v. *Irvin.* 3 *Johns. Rep.* 36.

pay his money, and accept a deed, it is immaterial whether any, or what, covenants are contained in the deed. The purchaser so defrauded, has a right to treat the deed as a nullity, and may maintain an action on the case for the deceit. (*Frost* v. *Raymond*, 2 *Caines' Rep.* 193. *Bostwick* v. *Lewis*, 1 *Day*, 250. *Com. Dig. Action on the Case for Deceit*, (A. 8.)

