WILLIAM S. FROST *vs.* MASSILLON W. ANGIER.

Suffolk.    March 27. — July 25, 1879.    AMES & LORD, JJ., absent.

If a deed to A. describes the land conveyed as bounded on a road, and refers to two recorded deeds to B., as conveying the same land with another parcel to be deducted in the grant to A., being already conveyed by the grantor to C., and these deeds describe the land as bounded on the same road, the road is a monument called for by the deeds, and A. takes only to the road as it legally existed when his deed was made, although, in the deed to C., the dividing line between his land and the land conveyed to A. is described as being a certain number of feet in length, which would carry the land farther than to the road; and, in an action by A. against his grantor for breach of the covenant against incumbrances in his deed, the deed to C. is inadmissible in evidence to show that the boundary line of A.'s land is other than the road.

CONTRACT for breach of the covenant against incumbrances in a deed of land from the defendant to the plaintiff.

At the trial in the Superior Court, before *Allen*, J., the plaintiff put in evidence the deed of the defendant to him, dated May 17, 1876, which described the land conveyed as follows : " One half part, undivided, of a certain tract of marsh land lying in Watertown, on the West Boston Bridge Road, so called, containing two acres more or less, deducting therefrom about nine fourteenths of an acre sold to one Merrifield, hereinafter more fully described, and before any deduction, being the same premises conveyed to Cephas Brackett by two deeds, one of them from John Coolidge, dated July 31, 1840, and recorded with Middlesex deeds, lib. 395, fol. 222, and the other from Daniel Learned, dated November 20, 1844, and recorded with Middlesex deeds, lib. 456, fol. 208." " The part to be deducted from the premises described in said deed is bounded north by Arsenal Street one hundred and sixty-one and one half feet, east by the land one undivided half part thereof is hereby conveyed two hun-

dred and twenty-six feet, south by Charles River seventy-two feet, and west by land now or formerly of one Hoar two hundred and sixty-eight feet : containing twenty-eight thousand two hundred and fifty-five square feet, more or less, or about nine fourteenths of an acre." '

The plaintiff also put in evidence the deed from Coolidge to Brackett, dated July 31, 1840, and the deed from Learned to Brackett, dated November 20, 1844.

The first deed described the land therein conveyed as follows : " A small piece of marsh land, situated in Watertown, lying on the southerly side of the turnpike road leading from Cambridgeport to Watertown, and bounded as follows, viz. : Beginning at a stake and stones at the northwesterly corner of said tract on said road, and running in a southerly direction, bounding on land of the trustees of the Ministerial Fund in Watertown and a ditch to Charles River, then turning and running in about a northeasterly direction on the said river to the bridge ; then turning and running in about a westerly direction on the said turnpike road to the place of beginning, containing by estimation three fourths of an acre, be the same more or less."

The second deed described the land therein conveyed as follows : " A certain tract or parcel of marsh land, lying in Watertown aforesaid, containing by estimation about one acre and one quarter, be the same more or less, and bounded as follows, to wit : Beginning at the northeasterly corner of said premises, it is bounded northerly by the West Boston Bridge Road, so called, measuring on said road, from land of Cephas Brackett to land of Farewell Hoar, eleven rods and fourteen feet ; thence westerly by land of said Farewell Hoar by a ditch running from said road southerly to Charles River ; thence southerly by said Charles River from land of said Hoar to land of said Brackett ; thence easterly by land of Cephas Brackett by a line from said Charles River to the said West Boston Bridge Road, being the bounds begun at."

The alleged breach of the covenant was the existence of a portion of a highway, called Arsenal Street, which the plaintiff contended had been laid out upon a portion of the granted premises by the county commissioners, on July 22, 1873, and of which he contended that he had no knowledge until some two years

after the date of his deed. The plaintiff put in evidence the record of the commissioners, and a plan tending to show such laying out; and that a strip of land, containing four thousand nine hundred square feet, lying between the southerly line of such laying out and an old, irregular fence or railing standing on the southerly edge of the wrought road-bed of the highway, and which the plaintiff contended was conveyed to him by said deed, but which had previously been taken by the commissioners for the highway, though not entered upon. It did not appear when that fence or railing was erected, but it had stood there many years, the plaintiff contending that it had stood there since 1825; and it did not appear but that the lines of the original laying out in 1824 could be made certain by the records thereof. It was conceded that the wrought roadway never ran inside of that fence or railing. It was admitted that portions of the highway, remote from the land in question, had been entered upon and constructed for public travel within two years from said alleged laying out.

The plaintiff, for the purpose of showing that the land conveyed to him by the defendant extended from the river to the old fence or railing, and that the latter was his northerly boundary, offered in evidence the deed to Merrifield referred to in the deed from the defendant to himself. This deed, dated June 20, 1872, described the land therein conveyed as follows:

"A certain piece or parcel of land situate in Watertown aforesaid, on the southerly side of the Port Road or Arsenal Street, and containing twenty-eight thousand two hundred and fifty-five square feet of land, more or less, and being bounded and described as follows: northerly, by Arsenal Street aforesaid, as the fence now stands, there measuring one hundred and sixty-one and five tenths feet, westerly by land of Farewell Hoar, the line being the centre of a ditch, there measuring two hundred and sixty-eight feet, southerly by Charles River, at low-water mark, there measuring about seventy-two feet, and easterly by land of the grantors, now used by them as a stone-yard and wharf, there measuring two hundred and twenty-six feet. This conveyance is made subject to the laying out of the aforesaid Port Road or Arsenal Street, to its original width, as contem

plated by the county commissioners of the county of Middlesex aforesaid, and no claim is to be made upon the grantors or their heirs or assigns, by the grantee or his heirs or assigns, for any of the conveyed premises taken by such laying out by the said commissioners." The plaintiff contended that the line described in this deed as two hundred and twenty-six feet in length would reach from low-water mark in the river to the old fence. The judge excluded the deed.

It appeared in evidence that Arsenal Street was originally laid out under the St. of 1824, *c.* 15, and of the same width in the vicinity of the plaintiff's land as is set forth in the records of the county commissioners, as a turnpike. Under the St. of 1857, *c.* 257, it was abandoned as a turnpike. On March 28, 1871, the town of Watertown petitioned the county commissioners to lay out, relocate and establish the lines of Arsenal Street; and, upon due proceedings had, the commissioners, assuming to have jurisdiction, proceeded to lay out, relocate and establish the lines of said street as shown in their records. In their records, the commissioners state that in the vicinity of the land in question, and against the same, "the lines of said road above described are, as nearly as can now be determined, identical with the original laying out as described in the records of the Court of Sessions."

Upon these facts, the judge ruled that the plaintiff could not maintain his action; directed a verdict for the defendant; and, at the request of the plaintiff, reported the case for the consideration of this court.

*S. W. Creech, Jr.*, for the plaintiff.

*C. Robinson, Jr.*, for the defendant.

SOULE, J. The deed to the plaintiff purports to convey an undivided half of a certain tract of marsh land lying in Watertown "on the West Boston Bridge Road, so called," and refers to two recorded deeds to Cephas Brackett, as conveying the same premises, with another parcel to be deducted in the grant to the plaintiff, as having been already conveyed by the grantors to a third person. The deeds referred to describe the premises as bounded on the same road. Neither of the three deeds gives any other boundary on the northerly side. The road, therefore, is a monument called for by the deeds, and the premises con-

veyed are bounded on the road as legally established. *Cook* v *Babcock*, 7 Cush. 526. The deed to Merrifield is nowhere referred to in the deed to the plaintiff, for the purpose of determining the boundary of the land conveyed to the plaintiff on the side next the road. And the description of the land to be "deducted" from that described in the deeds to Cephas Brackett can have no effect to control the affirmative description of the northerly boundary of the land conveyed to the plaintiff. The only ground on which it is supposed to have that effect is because it describes the dividing line between the "deducted" or Merrifield land and the land conveyed to the plaintiff as being two hundred and twenty-six feet long, which would carry the land farther than to the road. But even if the description of the land conveyed to the plaintiff had been in direct terms, "two hundred and twenty-six feet to the West Boston Bridge Road," the distance given would have had no effect to carry the conveyance beyond the monument; and it is clear that a distance given in the description of land excluded from the conveyance cannot be more effective than the same distance would have been if made a part of the description of the land conveyed.

The Merrifield deed was inadmissible for the purpose for which it was offered. As already stated, it was not called for by the deed to the plaintiff. He was not a party to it. Nothing which it contained could convey any rights to him, or work an estoppel in his favor against the defendant. Moreover, if admitted, it could not have aided the plaintiff. It was made before the laying out of the road in 1873, and nothing which it contains could have controlled the subsequent deed, which bounded the plaintiff on the road. It makes no difference in the result whether the action of the county commissioners in 1873 changed the limits of the road, or left them as they were before. As the description in his deed bounded the plaintiff on the road, he took under it only to the road as it legally existed when his deed was made, even if the deeds to Cephas Brackett, referred to, conveyed land which was included in the road as laid out in 1873, and the plaintiff's deed describes the land conveyed by it as the same premises described in or conveyed by those deeds. *Stearns* v. *Rice*, 14 Pick. 411

The land conveyed to the plaintiff being bounded on the road, which is a public highway, that road is not an incumbrance on the estate conveyed to him, and he has no cause of action against the defendant; and there must be     *Judgment on the verdict.*