## BARNES v. UNION PAC. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. January 27, 1893.)

### No. 155.

1. DECEIT—FALSE REPRESENTATIONS IN SALE OF LANDS—WHEN ACTION MAINTAINABLE.

In an action to recover damages for a false representation as to the ownership of land, whereby the vendee, having no knowledge of the title, was induced to purchase, the complaint need not allege that, at the time of making such statement, defendant knew it was not owner, nor that the representation was fraudulently made to induce the purchase.

2. SAME.

An action for damages for false representations as to title, made in a sale of lands, may be maintained, although the deed contained no covenants.

3. WRIT OF ERROR—REVIEW—DEMURRER.

On writ of error from a judgment sustaining a demurrer to an amended complaint, suggestions made by the defendant in error, based upon the answer to the original complaint, cannot be considered.

4. LIMITATION OF ACTIONS—PLEADING—DEMURRER.

Under the Colorado Code and practice, a general demurrer on the ground that the complaint fails to state a cause of action does not raise the question of the effect of the statute of limitations.

In Error to the Circuit Court of the United States for the District of Colorado.

At Law. Action by Thomas H. Barnes against the Union Pacific Railway Company to recover for false representations as to the ownership of land purchased by plaintiff. Judgment sustaining demurrer to amended complaint. Plaintiff brings error. Reversed.

Statement by SANBORN, Circuit Judge:

This writ of error was sued out to reverse a judgment sustaining a general demurrer to the plaintiff's amended complaint. In this complaint the plaintiff alleged: That the defendant was the grantee from the United States of a railroad land grant. That about September, 1881, the defendant represented to him that a certain tract of land in Boulder county, Colo., was a part of its railroad land grant, and that it was the sole owner thereof. That he trusted

to and relied on these representations, and in reliance thereon purchased the land of the defendant, paid it $2,376.60 therefor, and took its deed thereof, without covenants. That the land was never in fact granted to the defendant. It was never in possession of it, and it never had any title to or right in it. But the plaintiff did not know this fact until 1890, because the defendant continued to assert that the land had been granted to it, and in a contest before the local land office obtained a decision favorable to its contention, in 1883, in a cause which was not finally settled adversely to it by the decision of the secretary of the interior until 1890. That the plaintiff has been compelled to and has bought the land of the United States, by exercising his right as a homesteader, under its laws, and has entirely lost the amount he paid the defendant. That he demanded the repayment of this amount before the commencement of this action, and that it was refused.

Charles M. Campbell, for plaintiff in error.

Willard Teller, (John M. Thurston, H. M. Orahood, and E. B. Morgan, on the brief,) for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and SHIRAS, District Judge.

SANBORN, Circuit Judge, (after stating the facts.) A vendor who makes a false statement regarding a fact material to the sale, either with knowledge of its falsity, or in ignorance of its falsity, when from his special means of information he ought to have known it, and thereby induces his vendee to purchase, to his damage, is liable, in an action at law, for the damage the purchaser sustains through the misrepresentation, or to have the sale rescinded in a suit in equity, at the option of the purchaser. The boundaries, description, and title of the subject-matter of a sale are peculiarly within the range of the vendor's knowledge, or means of knowledge; and the purchaser has the right to presume that the positive statements regarding them, made by the vendor to induce the sale, are knowingly made, and to rely upon these representations. If such statements are false, and result in damage to the purchaser who acts on them, they are fraudulent, in the eye of the law, and actionable. This complaint states, in substance, that the defendant had a grant of land from the United States; that it represented to the plaintiff that the tract it gave him a deed of was a part of that grant, and that it was the sole owner of it; that plaintiff knew nothing about this title, but relied upon this statement, and was thereby induced to pay the defendant $2,376.60 for its deed of the tract, when in fact it had no title, or color of title, to the land, it was not in possession of it, and the deed it delivered conveyed no right whatever. Here was a misrepresentation of a material fact, which was peculiarly within the defendant's knowledge. It was made with the intention to induce the purchase. It was acted on by the plaintiff, and the misrepresentation caused him serious damage. In the eye of the law the complaint alleges fraud on the part of the defendant, and damage directly caused by that fraud.

That there is no express allegation that the defendant knew the land was not within its grant, and that it was not the owner thereof, when it made this false representation, and no express allegation that it made the same fraudulently to induce the plaintiff to purchase, is not material. The misrepresentation was made

in apt time to induce the purchase, and did induce it. The inference is irresistible that this was its purpose. Every one is presumed to intend the natural consequence of his acts. The fact misrepresented was one that the defendant ought to have known, one that it had extraordinary facilities for knowing, one that a purchaser would naturally assume, and have the right to assume, the defendant did know, when it made positive statements concerning it; and the presumption is, from the allegations of this complaint, that it did have full knowledge that its statement was false at the time it was made. Even if it could be assumed that the defendant had no actual knowledge of the fact misrepresented, this would not relieve it from liability. It represented the fact to be, as of its own knowledge, that this land was within its grant, and that it was the owner of it. If it knew this to be false, that was fraud of the most positive kind. If it did not know whether its statement was true or not, the positive statement, of its own knowledge, that it was so, was a false and fraudulent statement that it did know this to be the fact; and, as this statement caused the same damage to the plaintiff, the defendant is equally liable in either event. In Cooper v. Schlesinger, 111 U. S. 148, 155, 4 Sup. Ct. Rep. 360, Mr. Justice Blatchford, delivering the opinion of the supreme court, declared that a statement recklessly made, without knowledge of its truth, was a false statement, knowingly made, within the settled rule. In Kiefer v. Rogers, 19 Minn. 32, 36, (Gil. 14,) where the defendant, in ignorance of the existence of a mortgage of $2,250 on his property, had stated that no such incumbrance existed, and had thereby induced the purchaser to buy, the supreme court of that state said, speaking of the time when the representation was made:

"Although the defendant was then ignorant of the existence of the incumbrance thereon of the mortgage for $2,250, there is no doubt but that, under the circumstances, his representation must be treated as fraudulent; as much so as if he had told a willful falsehood."

In Slim v. Croucher, 1 De Gex, F. & J. 518, where one sought to borrow money upon a lease for 98 years and a half, which the borrower represented he was entitled to, the lender required an intimation from the proposed lessor that he would grant such a lease. The lessor knowingly gave it for this purpose. The loan was made upon it. The lease was afterwards made, and mortgaged by the lessee to the lender. It turned out that the lessor had some time before made a lease of the same premises to the same lessee for the same term, and that the latter had, since the loan was made, assigned this lease for value; but, at the time the lessor gave the intimation, he did so innocently, because he had forgotten the former lease. The high court of chancery held that, although he did not know his intimation was false when he made it, it was a fraud, in the eye of the law, and he must repay to the lender the amount of his loan. In that case it was urged that the complainant had a complete remedy at law, and hence that the court of chancery had no jurisdiction. Lord Chancellor Campbell said:

"The defense set up in this suit is that there was a remedy at law, and that that is the only remedy competent to the plaintiff. Now, that there was a remedy at law I think is quite clear. Here was a misrepresentation made by the defendant of a fact which ought to have been within his knowledge. It was made with the intention of being acted upon. It was acted upon, and thereby a loss accrued to the plaintiff, and there is no doubt, in my mind, that an action would lie, and that it would be for a jury to assess the damages."

In Litchfield v. Hutchinson, 117 Mass. 195, 198, which was an action at law for damages for inducing one to purchase a horse by a false statement that he was sound, the supreme court of that state thus laid down the law on this subject:

"If one states, as of his own knowledge, material facts susceptible of knowledge, which are false, it is a fraud which renders him liable to the party who relies and acts upon the statement as true, and it is no defense that he believed the facts to be true."

To the same effect are Hazard v. Irwin, 18 Pick. 96; Savage v. Stevens, 126 Mass. 207, 208; Frost v. Angier, 127 Mass. 212, 218; Jewett v. Carter, 132 Mass. 335, 337; Cole v. Cassidy, 138 Mass. 437, 438; Masson v. Bovet, 1 Denio, 69, 73; Lockbridge v. Foster, 4 Scam. 569, 573; Joice v. Taylor, 6 Gill & J. 54, 58; McFerran v. Taylor, 3 Cranch, 270; Doggett v. Emerson, 3 Story, 700, 732, 733; Burrows v. Lock, 10 Ves. 470, 475; Ayre's Case, 25 Beav. 522; Rawlins v. Wickham, 3 De Gex & J. 304, 313; Sears v. Hicklin, 13 Colo. 143, 152, 21 Pac. Rep. 1022; Haight v. Hayt, 19 N. Y. 464, 470, 471.

Nor is it a valid objection to the maintenance of this action that the misrepresentations related to the title to land, and the defendant used a deed without covenants as a means of perpetrating its fraud. That deed was worthless from its execution. It took nothing from the defendant. It vested nothing in the plaintiff. Its only effect was to assist the defendant in wrongfully obtaining plaintiff's money by false representations, and no principle of law or equity occurs to us that requires this court to give it the further effect of perpetuating the wrong, or preventing its redress. Why should a fraudulent misrepresentation of the soundness of a horse, or of his ownership, be ground for an action at law after the bill of sale has been delivered; why should a fraudulent misrepresentation as to boundaries, location, the timber upon, or any other material fact, relating to the description of land, be actionable at law after the deed has passed, although the damages are often small and partial,—and a fraudulent misrepresentation of title, where the purchaser has lost the entire consideration, as in this case, be remediless? When a sale of land is consummated by a deed, the parol agreements made by the parties during the negotiations are presumed to be merged in the deed. The deed is conclusive evidence of their contracts relative to the subjects there treated. Their parol contracts spoken of in the negotiations, even their representations made in good faith, may be conceded to be merged in the deed, and no action can thereafter be maintained upon them. But while their parol contracts and their representations made in good faith may be so merged, and not actionable, their fraudulent misrepresentations, their torts, are not. The obligations of honesty and good

faith, the obligations not knowingly or recklessly to falsely represent things material to the sale, to practice no fraud or deceit, which rested upon both parties during the negotiations, and the right of action for the tort that results from the breach of these obligations,—these are neither abrogated, merged, nor affected by the deed. They remain in full force, and may be enforced at law or in equity, regardless of it. In Haight v. Hayt, 19 N. Y. 464, 474, the plaintiff brought and maintained an action at law to recover damages for the false statement made by the vendor at the sale that one Delevan had no mortgage on the land. He was then asked if he would guaranty that Delevan had no mortgage, and he replied that he would not, and the purchaser accepted a deed without covenants. At the trial the judge was requested to charge that if Hayt refused to give covenants of title the action could not be sustained, and his refusal to give this request was assigned as error. The New York court of appeals sustained the ruling, and Judge Denio, in delivering the opinion of the court, cited Doggett v. Emerson, 3 Story, 700, 733, and Masson v. Bovet, 1 Denio, 72, and said:

"If the purchaser consents to waive the usual covenants he is none the less entitled to the exercise of good faith and honesty on the part of the vendor."

In Wardell v. Fosdick, 13 Johns. 325, 327, (decided in 1816,) the defendants, who had a deed, with full covenants, describing 450 acres of land that had no existence, made by one Corlies, sold and pretended to convey the same land to the plaintiff by a deed with covenants that they had done no acts to impeach the title, only, and at the same time assigned him the deed from Corlies. The plaintiff brought an action on the case for the deceit, and the court said:

"The evidence is sufficient to support the allegation of fraud against both the defendants, and there appears no legal objection to this form of action. Where the party has been induced by such a fraudulent representation to pay his money and accept a deed, it is immaterial whether any, or what, covenants are contained in the deed. The purchaser so defrauded has a right to treat the deed as a nullity, and may maintain an action on the case for the deceit."

In Ward v. Wiman, 17 Wend. 193, 196, (decided in 1837,) an action on the case for deceit was maintained against the vendor for making the false statement that the lands sold were free from incumbrances, although he had given a warranty deed with full covenants. Mr. Justice Nelson, subsequently of the supreme court, then chief justice of the supreme court of New York, delivered the opinion of the court, and said:

"The only question presented upon the pleadings in this case is whether an action on the case will lie against the defendant for a false and fraudulent representation made in respect to an incumbrance upon a lot of land sold and conveyed by him by a warranty deed to the plaintiff. * * * The principle of the case of Wardell v. Fosdick, 13 Johns. 325, appears to me to be decisive in favor of maintaining the action; and that, too, whether the deed contains a covenant or not. * * * It was attempted upon the argument to distinguish that case from the present upon the ground before mentioned,—that there was no such land in existence as the deed purported to convey; but it can in no wise be important to the decision how or in what way the title

fails or is embarrassed. The defect of title is the material point. Besides, the only reason that can be urged against sustaining this action is that the grantee should be compelled to look to his covenants. That reason applies with as much force in the case of a failure of title on account of the nonexistence of the land described as where the title fails by reason of some other defect."

In Culver v. Avery, 7 Wend. 380, an action on the case for deceit was maintained, based on the false affirmation that the premises were clear of any other incumbrances than the mortgage under which the sale was effected, and that the purchaser would require a perfect title. In Whitney v. Allaire, 1 N. Y. 305, (decided in 1848,) Gardiner, J., delivering the opinion of the court, reviews some of the decisions, and declares:

"For more than thirty years it has been the settled doctrine of the courts of this state that fraudulent representations in reference to the title of real estate, accompanied with damage, is a good ground of action, and that it is immaterial whether any, or what, covenants are contained in the deed of conveyance."

To the same effect are Slim v. Croucher, 1 De Gex, F. & J. 518, 523; Clark v. Baird, 9 N. Y. 183, 197; Monell v. Colden, 13 Johns. 402, 403.

To the effect that a suit in equity for the recission of the sale or for a repayment of the money wrongfully obtained by false representations as to title may be maintained, notwithstanding that a deed has been delivered and accepted, are Quesnel v. Woodlief, 2 Hen. & M. 173; Darling v. Osborne, 51 Vt. 148; Paine v. Upton, 87 N. Y. 327; Lockbridge v. Foster, 4 Scam. 569, 573; Prout v. Roberts, 32 Ala. 427; Crutchfield v. Danilly, 16 Ga. 432; Kiefer v. Rogers, 19 Minn. 32, (Gil. 14;) Joice v. Taylor, 6 Gill & J. 54, 58. Thus in Lockbridge v. Foster, 4 Scam. 569, 573, a bill in chancery was filed to set aside a deed with covenants of warranty, for the false representation that the vendor had good title to 240 acres of land described in the deed, when he had no title to four elevenths of 58 acres of it, and the court refused to set aside the deed, and decreed an allowance to the complainant of the difference in the value of the title as represented, and as it was in fact. The like relief was granted in Quesnel v. Woodlief, Darling v. Osborne, and Paine v. Upton, supra.

Finally, Mr. Justice Field, in delivering the opinion of the supreme court in Andrus v. Refining Co., 130 U. S. 643, 648, 9 Sup. Ct. Rep. 645, cites with approval Wardell v. Fosdick, 13 Johns. 325, and lays down the rule as to false representations of title thus:

"Such representations by the vendor, as to his having title to the premises sold, may also be the ground of action where he is not in possession, and he has neither color nor claim of title under any instrument purporting to convey the premises, or any judgment establishing his right to them."

Such, according to this complaint, was the situation of this vendor. It was not in possession. It had neither claim nor color of title under any instrument purporting to convey the land to it, or any judgment establishing its right. To induce the plaintiff to buy, it falsely, and, in the view of the law, fraudulently, represented that it had a grant of this land from the government, and was the sole owner of it. The plaintiff acted on that representation,

and was thereby damaged. This is the statement of a good cause of action, and the demurrer should have been overruled.

The answer filed to the original complaint is not before this court, and the suggestions made by counsel for defendant in error, based upon it, cannot be considered. The amended complaint, subsequently filed, to which no answer has been interposed, and the demurrer to it, frame the only issue that can be considered on this writ of error.

The demurrer is upon the sole ground that the complaint does not state facts sufficient to constitute a cause of action. This general demurrer does not raise the question of the effect of the statute of limitations upon this action under the Code and practice in Colorado, and that question has not been considered. Rev. St. U. S. § 914; Hexter v. Clifford, 5 Colo. 168, 172; Chivington v. Springs Co., 9 Colo. 597, 603, 14 Pac. Rep. 212; Hunt v. Hayt, 10 Colo. 278, 281, 15 Pac. Rep. 410; Jennings v. Rickard, 10 Colo. 395, 401, 15 Pac. Rep. 677; Cross v. Moffat, 11 Colo 210, 212, 17 Pac. Rep. 771. The judgment below is reversed, with costs, and with directions to allow the defendant to answer.