### In re COLLINS.

(District Court, E. D. Arkansas, W. D. November 22, 1907.)

BANKRUPTCY—DISCHARGE—GROUNDS FOR REFUSAL.

A materially false statement in writing, made by a bankrupt for the purpose of obtaining property on credit, to debar him from the right to a discharge under Bankr. Act July 1, 1898, c. 541, § 14b (3), 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], as amended by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 [U. S. Comp. St. Supp. 1907, p. 1026], must have been either knowingly false or made so recklessly as to warrant a finding that he acted fraudulently. Such a statement of assets and liabilities, made by a merchant from his books and believed by him to be correct, will not warrant a denial of his discharge in bankruptcy, although it was in fact materially erroneous, by reason of the failure of his bookkeeper, through illness, to enter on the books certain liabilities which existed at the time the statement was made, and which were in consequence omitted therefrom.

In Bankruptcy. On application for discharge.

Morris M. Cohn, for creditor.
E. B. Kinsworthy, for bankrupt.

TRIEBER, District Judge. The bankrupt having made application for his discharge, objections were filed by the Little Rock Trust Company, one of his creditors. The matter was referred to the referee in bankruptcy as special master, who, after taking all the testimony offered by the parties, made the following report:

"A demurrer was sustained to the original objections filed April 10th, and the amendment filed April 24th is included in the later pleading. So that the only objections before the court are the four objections included in the pleading, entitled 'Amended Objections to Discharge,' filed May 13, 1907.

"The first objection is as follows: 'That the said James Collins, while a bankrupt, has concealed from the trustee in bankruptcy property or funds belonging to his estate in bankruptcy, amounting, as it is informed, believes, and avers, to four thousand dollars ($4,000.00) and over.' The schedules of the bankrupt show: Total assets, $7,903.08; total liabilities, $14,795.24. The objecting creditor employed George W. Clark, an accountant, to examine the books of the bankrupt and report upon their condition. The report of the accountant has been filed as a paper in the case and is exhibited herewith. His report covers the period from September 8, 1905, to date of filing the petition

in this case. His testimony was also taken in explanation of his report. In the course of his testimony he states that there was nothing to indicate that false entries had been made, or that any transactions were concealed. He states that it is evident that the business was operated at a loss during the year 1906. The master finds that the testimony is insufficient to sustain the first objection.

"The second objection is as follows: 'That said James Collins obtained property, that is to say, sums of money, from it, aggregating twenty-five hundred dollars ($2,500.00), upon credit, upon a materially false statement in writing, made to it for the purpose of obtaining such property upon a credit.' The statement made by bankrupt to a creditor is exhibited. The bankrupt admits that he made the statement, and says that he made it upon an examination of his ledger, and that he considered it a correct statement at the time. The report of the accountant as to the condition of the books on that date shows some material discrepancies, the most important of which is the item of 'Merchandise, open accounts, not due,' which item in the statement of bankrupt is $1,455.43, but in the report of the accountant is $3,173.91. The master finds as a fact that the statement of the accountant is a correct statement of the condition of the business as shown by the books on September 8, 1905. In explanation of these discrepancies the bankrupt called as witnesses his bookkeeper, Linwood Collins, and his stenographer, Ruth Kennard. The effect of this testimony is that the erroneous statement of the bankrupt is due to the neglect and delay of the bookkeeper during a period of illness in entering items which properly belonged on the ledger on said 8th day of September, 1905, but which said missing items duly appeared by other books and invoices. The statement of the bankrupt on September 8, 1905, was erroneous. It was made for the purpose of obtaining money upon a credit. The bankrupt made a statement erroneous in part by reason of incomplete books. It does not appear that the statement was knowingly or willfully false. The master is of opinion that the 'false statement' contemplated by the act must be knowingly false. See Collier on Bankruptcy (6th Ed.) p. 198; per contra, In re Peterson, 10 Am. Bankr. Rep. 355. The master therefore finds that the proof is insufficient to sustain the second objection.

"The third objection is as follows: 'That within four (4) months immediately preceding the filing of the petition for an adjudication of bankruptcy herein, he removed or concealed, or permitted to be removed or concealed, property of the value of one thousand dollars ($1,000.00) and over, as it is informed, believes, and avers, for the purpose of delaying and defrauding his creditors.' Counsel for objecting creditor admits that no specific acts are referred to in this objection; that it is a mere variation of the form of pleading upon the facts generally in evidence. The master finds that objection 3 is not sustained by proof.

"The fourth objection is as follows: 'That the said James Collins, at the time of the adjudication of bankruptcy against him, carried on a business as merchant at Little Rock, in this state and district, and as such created the indebtedness owing by him to said trust company; that with the fraudulent intent to conceal his true financial condition, and in contemplation of bankruptcy, he failed to keep books of account from which his true condition might be ascertained.' The accountant, in response to questions upon this subject, stated that the usual books of account of a merchant in his line of business were kept by the bankrupt. The proof, therefore, fails to sustain this objection.

"The master finds that the proof adduced at the hearing by the objecting creditor was insufficient to sustain the objections, or any one of them, and that they should therefore be overruled and a discharge granted."

Exceptions have been filed to all the findings of the special master; but, as there was substantial evidence to justify the findings made by the master on the first, third, and fourth objections, and no question of law being involved in those findings, the exceptions to them are overruled. Objections are also made to the findings of fact in the

second objection; but, as there is ample evidence to sustain this finding, it will not be disturbed by the court.

The serious objection, which has been ably argued by counsel, is that the special master erred in his conclusions of law on this objection in holding that the "false statement" contemplated by Bankr. Act July 1, 1898, c. 541, § 14, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], as amended by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 [U. S. Comp. St. Supp. 1907, p. 1026], "must be knowingly false." Counsel for the objecting creditor cited the following cases in support of the contention that to prevent the discharge of the bankrupt under the amendment of 1903 it is sufficient if it is shown that the property was obtained on credit by the bankrupt upon a statement in writing which was materially false, regardless of the fact whether it was made knowingly, or even recklessly: Lynch v. Trust Co. (C. C.) 18 Fed. 486; In re Hardie (D. C.) 143 Fed. 607; In re Harr (D. C.) 143 Fed. 421; In re Dresser (D. C.) 144 Fed. 318, affirmed in 145 Fed. 1021, 74 C. C. A. 680; and In re Peterson, 10 Am. Bankr. Rep. 355.

Lynch v. Trust Co. was an action for deceit, and it was there held that positive assertions of material facts which are untrue, or which were made recklessly without knowing whether they were true or not, justified a recovery. This is the general rule, as will be shown hereafter. As the proofs in this case show conclusively, and such is the finding of facts made by the special master, that the bankrupt at the time he made the representations found to be false not only believed them to be true, but that the statement was taken from the books, and that the mistake was caused by reason of the fact that, owing to the sickness of the bookkeeper, some of the bills had not yet been entered on the ledger, and therefore did not appear as debits of the bankrupt, that citation is wholly inapplicable to this case.

In Re Hardie the only question was whether false statements of one member of a firm, which, judging from the report of the case, were made knowingly, will debar other members of the firm who did not participate in the false statements from obtaining their discharge; and the court held that it would, upon the ground that "all the partners are liable for the tort of one, if committed in the course of the business of the partnership." This was in effect what was decided in Re Dresser. These cases are, therefore, inapplicable to the case at bar. In Re Harr there was no question but that the false statements were made knowingly. The only case in which the contention of the objecting creditor has been sustained is in Re Peterson. That case was decided by a referee and approved without an opinion by Judge Lochren.

This court is unable to agree with the reasoning in that case. The bankrupt act was intended partly to relieve embarrassed, but honest, debtors from certain of their liabilities, unless they have been guilty of certain acts enumerated in section 14b of the act. The refusal of a discharge is clearly in the nature of a punishment for doing this act, and certainly must be construed as penal. The acts enumerated which will debar a bankrupt from a discharge are in most of the states violations of the Criminal Code, and all of them of a nature that every

state might with propriety make them criminal offenses. The court is not prepared to say that in order to prevent a discharge the proofs must be sufficient to warrant a conviction in a criminal case, but it does hold that to justify such action it must appear that he was guilty of such acts as would sustain a civil action for fraud or deceit, and that the statements were either knowingly false or fraudulent, or made so recklessly as to warrant a finding that he acted fraudulently. In Cooper v. Schlesinger, 111 U. S. 148, 4 Sup. Ct. 360, 28 L. Ed. 382, which was an action for deceit, the Supreme Court, approving the action of the trial judge, said:

"A false representation does not amount to fraud at law unless it be made with a fraudulent intent. There is, however, a fraudulent intent if a man, either with a view of benefiting himself or misleading another into a course of action, makes a representation which he knows to be false or which he does not believe to be true."

Without citing the many cases sustaining this view, it will be sufficient to refer to Barnes v. U. P. Ry. Co., 54 Fed. 87, 4 C. C. A. 199 (Eighth Circuit), and Taylor v. Miss. Mills, 47 Ark. 247, 1 S. W. 283. The latter case was an action to recover goods alleged to have been obtained by fraudulent representations, and it was held that to entitle a recovery it must be shown that a dishonest intention existed at the time in the mind of the vendee—an actual intention to cheat or to do an act the necessary result of which would be to defraud the seller. In Neal v. Clark, 95 U. S. 704, 24 L. Ed. 586, which arose under the bankruptcy act of 1867 the question was what the term "fraud," in the clause defining the debts from which a bankrupt is not relieved by proceedings in bankruptcy, meant, and it was held that its meaning was "positive fraud, or fraud in fact, involving moral turpitude or intentional wrong, and not implied fraud, which may exist without bad faith." This is reaffirmed in Strang v. Bradner, 114 U. S. 555, 5 Sup. Ct. 1038, 29 L. Ed. 248; Noble v. Hammond, 129 U. S. 65, 9 Sup. Ct. 235, 32 L. Ed. 621; Ames v. Moir, 138 U. S. 306, 11 Sup. Ct. 311, 34 L. Ed. 951; Upshur v. Briscow, 138 U. S. 365, 11 Sup. Ct. 313, 34 L. Ed. 931.

That the debtor must have known the representations to be false, or at least that he did not know them to be true, in order to prevent his discharge under the present bankruptcy act, is also the conclusion reached by the author of Collier on Bankruptcy (6th Ed.) p. 198. Any other conclusion would result in many instances in preventing a discharge of a worthy bankrupt, whose business was too large to permit him to attend to all the details thereof, including the keeping of the books. A man conducting a large mercantile business, employing a bookkeeper for the purpose of attending to the books, he attending to other branches of the business, has the right to rely on a statement prepared from the books; and if, relying upon such a statement, he acts upon it in good faith, he is not guilty of such recklessness as amounts to fraud in the eyes of the law or as should prevent his discharge. How many merchants can tell their liabilities, or even their assets, except by reference to their books? If, as happened in this case, the bookkeeper by reason of illness had to absent himself from business, and during that time some bills which arrived had not

been entered, which fact is unknown to the merchant himself, shall it be said that a statement prepared in good faith from these books, if by reason of the illness or even neglect of the bookkeeper some liability was left off, thereby making the statement materially false, should be sufficient to brand a man as guilty of a fraud? Such is not the law. All presumptions are in favor of honesty, and if the actions of a party are such that the presumption of honesty is as strong as that of wrong, the law requires that the theory of honesty, rather than that of guilt, be adopted. U. S. Fidelity, etc., Co. v. Des Moines Nat. Bank, 145 Fed. 273, 74 C. C. A. 553, and authorities there cited.

As these conclusions result in an affirmance of those reached by the special master, it is unnecessary now to determine whether obtaining a loan of money under false statements, as was the fact in this case, is not within the meaning of the act, which reads, "obtaining property on credit," as was held in Re Pfaffinger (D. C.) 154 Fed. 528.

The exceptions to the report of the special master will be overruled, and the bankrupt granted a discharge.