## MORRIS PLAN INDUSTRIAL BANK v. LASSMAN.

### No. 138.

Circuit Court of Appeals, Second Circuit.

Dec. 23, 1940.

William V. Glickman, of Brooklyn, N. Y. (Walter B. Milkman, of Brooklyn, N. Y., of counsel), for appellant.

Henry W. Parker, of New York City, for appellee.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

### PER CURIAM.

The objection to the bankrupt's discharge is because of a false financial statement made in November, 1937, upon which he borrowed from the objecting creditor. The false item was an entry upon the statement of "$75" in answer to the question "What is the total amount of your debts?" Four judgments had been entered against the bankrupt in 1932, aggregating more than $270, which were for dresses delivered to his wife, who was engaged in business, and for whom he was a surety. His excuse was that "they were really no debts"; he "did not think they were debts"; they were "really my wife's debt"; "I never thought they were my creditors." Had this been all, it might have been argued with some plausibility that the entry was not deliberately false. In re Rosenfeld, 2 Cir., 262 F. 876. In any case we shall assume arguendo that when a bankrupt really believes that a debt is not a debt at all, a financial statement which mistakenly omits it will not bar his discharge. That this bankrupt knew perfectly well that these judgments were debts appears from his own testimony. He gave as the reason why he "put down that I owed $75" that, while he "was aware of the fact that judgments had been obtained" against him, he was not sure "how much the judgments amounted to." "That is why I made the statement that I owed in round figures around $75, but I didn't know how much it was. It was five or six years and I didn't remember what it was." Again: "I did remember that there were some judgments entered against my wife and in some of them—I didn't remember how many—I was included. That is why I did not know exactly how much it was, being so many years after, and while I filled out the application * * * I put in an approximate amount of $75." "I had some debts I was responsible for. Whether it was $75, or $50, or $125 * * * I didn't remember at the time I made (sic) the loan."

When a lender asks a borrower how much he owes, and the borrower sets a figure without qualification, the lender properly understands that the borrower is telling what he knows; not indeed accurately to the cent, but certainly that he is not speaking at random. If he is merely guessing at the right amount—which it is necessarily within his power to ascertain—his answer is untruthful unless he in some way conditions it. It may be morally worse to tell what he knows to be false, but it is as deliberate a deceit to give an appearance of accuracy to what one knows to be a shot in the dark. Lehigh Zinc & Iron Co. v. Bamford, 150 U.S. 665, 14 S.Ct. 219, 37 L.Ed. 1215; Barnes v. Union Pacific Ry., 8 Cir., 54 F. 87; Williams v. Green, 4 Cir., 23 F.2d 796. In the case at bar, the lender was bound to suppose that the bankrupt knew that his debts were $75; and the bankrupt deliberately deceived it, when he answered knowing that he did not know and making no effort to find out. His answer imported a better acquaintance, a greater sense of responsibility, than in fact he had.

Order affirmed.