## In re BROWN et al.
### No. 39490.

District Court, E. D. New York.
March 3, 1941.

Henry W. Parker, of New York City, for Louis Flaum.

Abraham S. Robinson, of New York City, for bankrupts.

Theodore Stitt, of Brooklyn, N. Y., referee in bankruptcy.

GALSTON, District Judge.

Cross motions were made with respect to a petition to review an order of the referee denying the discharge of the bankrupt, Louis Flaum.

The trustee specified that the bankrupt had obtained credit from the National City Bank of New York on a false statement in writing dated December 12, 1939.

The record discloses the bankrupt had borrowed money from the Morris Plan Industrial Bank and that the bank had obtained a judgment in the sum of $262 against him in 1926. On December 9, 1939, in the negotiation for a loan of $216 from the National City Bank, he executed a financial statement in which he failed to disclose the existence of that judgment. The bankrupt had been examined in supplementary proceedings following the recording of the judgment in either 1927 or 1928, as stated by the attorney for the Morris Plan Industrial Bank. When asked why that judgment was not included in his schedules and why he had not referred to it in the financial statement at the time that the National City Bank loan was obtained, he said: "I didn't know if I have a judgment. If I would have known I had a judgment I would probably have put it in the petition."

It was only after the petition in bankruptcy had been filed that it was found that a judgment existed.

Brown, the other bankrupt named, testified that the answers to the questions written in the financial statement for the National City Bank were in Brown's handwriting. Brown said that he had put in the answers himself without asking Flaum. Flaum also testified that Brown had not put the questions to him but that he had nevertheless signed the application and that he had signed it without reading it. Whether he had read the statement before signing

apparently made no difference for it does not appear that at the time he signed the statement he had any recollection of the old judgment.

The Bankruptcy Act § 14, sub. c(3), 11 U.S.C.A. § 32, sub. c(3), says that a discharge shall be granted unless the court is satisfied that "the bankrupt has * * * obtained * * * credit, or * * * an extension or renewal of credit * * * [upon] a materially false statement in writing respecting his financial condition."

The referee concluded: "The fact that the statement was false and that it was relied upon by the bank is sufficient to sustain the same without any intention or deliberation on the part of the bankrupt in failing to answer the statement truthfully." He thereupon sustained the objection.

The trustee relies upon Morris Plan Industrial Bank of New York v. Lassman, 2 Cir., 116 F.2d 473. In that case the bankrupt's financial statement showed that in answer to the question, "What is the total amount of your debts?" he had omitted four judgments that had been obtained against him five years before aggregating more than $270. The court refused to accept his explanation that they were really *not debts of his but of his wife.* It did appear that at the time he made the statement he was aware of the fact that judgments had been obtained against him but was not sure how much the judgments amounted to, and it was for that reason the court drew the conclusion that the lender had been deliberately deceived.

█ By contrast, in the present proceeding it does not appear that the bankrupt remembered the existence of a thirteen-year old judgment in the amount of a few hundred dollars. It does not appear that the Morris Plan Industrial Bank had done anything about that judgment subsequent to the examination in supplementary proceedings of the bankrupt in 1927 or 1928. Thus it is well within the realm of plausibility that in such circumstances and over the long period of time it was not in his mind at the time that he executed the financial statement submitted to the National City Bank in December, 1939. In consequence, though that statement contained an untrue answer to the question whether the applicant had any judgments, it does not follow that the answer was deliberately untrue. See In re Rosenfeld, 2 Cir., 262 F. 876, 878. In that case Judge Rogers, writing for the Circuit Court of

Appeals, interpreted the word "false" as used in the Bankruptcy Act as meaning something wilfully and intentionally untrue. From reading the record in this case I cannot reach the conclusion that the bankrupt's answer was wilfully and intentionally untrue. It may also be observed that Judge Rogers in that opinion, written as far back as 1919, said:

"The Bankruptcy Act is very liberal towards the bankrupt as to his discharge; the act in so far as it relates to his discharge is to be given a strict construction in favor of the bankrupt. The purpose of the act is to release honest debtors from the burden of their debts."

Certainly legislation over the last decade amending the Bankruptcy Act has not lessened the degree of liberality to be extended to bankrupts. On the contrary, much of the legislation has been for the relief of the debtor or bankrupt; to be sure, the honest bankrupt. My study of the record in this proceeding fails to convince me that this bankrupt was not honest.

The order of the referee will be reversed.