### In re ROSENTHAL.

#### Appeal of AMERICAN WOOLEN CO.

(Circuit Court of Appeals, Second Circuit. March 14, 1916.)

#### No. 38.

BANKRUPTCY ☞384—COMPOSITION—CONFIRMATION—DESTRUCTION OF BOOKS. Where the books of a bankrupt, who could neither read nor write, were kept by his daughter, who destroyed the books each year after she had opened a new set and transferred to them the unclosed items, such destruction was not fraudulent, so as to be within Bankr. Act July 1, 1898, c. 541, § 14b(2), 30 Stat. 550 (Comp. St. 1913, § 9598), which authorizes denial of discharge where the bankrupt, with intent to conceal his financial condition, destroyed or failed to keep books of account, and therefore did not authorize a refusal to confirm the composition with creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 590–592; Dec. Dig. ☞384.]

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of Samuel Rosenthal, trading as S. Rosenthal & Co., bankrupt. From an order confirming a composition offered by the alleged bankrupt prior to adjudication, the American Woolen Company of New York appeals. Affirmed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Hays, Hershfield & Wolf, of New York City (Henry H. Kaufman, Charles H. Broas, and Albert Falck, all of New York City, of counsel), for appellant.

Maurice S. Hyman, of New York City, for respondent.

Before COXE, WARD, and ROGERS, Circuit Judges.

COXE, Circuit Judge. This is an appeal from an order confirming a composition offered by the alleged bankrupt prior to adjudication. The confirmation was opposed by creditors on the ground that the bankrupt destroyed books of account from which his financial condition might be ascertained. Section 14b (2) of the act. The situation is sui generis. The bankrupt can neither read nor write. He knew nothing about the modern methods of bookkeeping and intrusted all the bookkeeping to his daughter who had been in the habit of opening a new set of books each year—for a period of six years. After all items had been closed or transferred to the new books she destroyed the old set. The books were destroyed in circumstances which precluded any inference that fraud or concealment was intended. The mere destruction is not prohibited unless it be done with guilty intent, and here there is no such proof and no pretense that a fraud was perpetrated. The law was not intended to punish ignorance but it was intended to punish fraud, and this element is wholly lacking from the proof.

No creditor has been actually injured by what took place and it would be placing a highly technical and unnecessarily harsh construction on the act to punish a man not shown to be dishonest because of his ignorance of the proper way to keep his accounts.

The order confirming the composition is affirmed.