## In re KERNER.

### Ex parte GREFF & CO.

### (District Court, S. D. New York. October 9, 1917.)

BANKRUPTCY ☞384—COMPOSITION—FALSE FINANCIAL STATEMENT BY BANK-RUPT.

Where a bankrupt, who issued a financial statement in January, omitted from his list of assets goods purchased for the spring trade, and omitted from the list of his liabilities debts incurred by the purchase of such goods, his offer of composition must be denied, despite his claim that it was customary in the trade to omit from the financial statement such assets and liabilities.

In Bankruptcy. In the matter of the bankruptcy of William Kerner. The bankrupt offered composition. On objections by Greff & Co., the master reported against the composition offered. On motion to confirm the report. Report confirmed.

Motion to confirm a master's report against a composition in bankruptcy. The master found, and it is not denied, that the bankrupt made a written statement of his financial condition upon which he obtained goods. This statement was true, except that it omitted merchandise debts of $6,000 from the liabilities, and from the assets the merchandise for which those debts were incurred, all of which he still retained. The bankrupt's excuse is that all the merchandise was purchased for the next spring's trade, and that he did not therefore suppose he need put the debts into a statement of his existing financial condition at the time (January 8th), when he issued the statement. He also attempted to show that such a practice obtained under the custom of that trade, but the master excluded the proof.

Charles H. Broas, of New York City, for objecting creditor.
Lester M. Friedman, of New York City, for bankrupt.

LEARNED HAND, District Judge (after stating the facts as above). This case falls directly under my ruling in Re Maaget, 245 Fed. 804, and I shall follow it, unless it appears that it has been overruled in Re Rosenthal, 231 Fed. 449, 145 C. C. A. 443. The opinion in that case does not pass upon the point, and I have no means of determining whether it was raised on the appeal. In any event the opinion below does not diverge from In re Maaget, but quotes it with approval, and the case has the distinguishing point that the bankrupt, who could not read or write, may well have supposed the statement to have been true. I cannot find that any court has decided that, where a bankrupt deliberately chooses to omit a liability for the purchase price of goods still on hand, he has made a true financial statement. Scienter is, of course, a necessary element in the charge, and it would be a defense to show that the bankrupt, however erroneously, supposed that the liability did not in fact exist.

Nothing of the sort is suggested here; the most that by implication can be said to be shown is that he supposed that he need not put the liability into the statement, because a custom exists in the trade to exclude any such. But, while the bankrupt's error touching the ex-

istence of the liability would make the statement honest and excuse a mere mistake, his error as to his obligation to make a true statement is irrelevant. His duty is to speak the truth, so far as he knows it, and no mistake as to the scope of that duty affects the legal consequences of his omission. Like any other duty, the law imposes it upon him at his risk. The test is honesty in the statement, not in the belief that an honest statement is necessary. It would be as intolerable as it is anomalous to allow men to make financial statements which they know to be false, on the plea that they supposed the recipient was not entitled to honest ones.

Report confirmed; confirmation of composition denied. It would be satisfactory if a ruling upon the point could be obtained from the Circuit Court of Appeals.

---

In re BASH et al.