In re KERNER.

(Circuit Court of Appeals, Second Circuit. April 10, 1918.)

No. 171.

1. BANKRUPTCY ⬅️407(5)—REFUSAL OF DISCHARGE—FALSE FINANCIAL STATEMENT.

Under Bankruptcy Act, § 14b, as amended by Act Feb. 5, 1903, c. 487, § 4, and Act June 25, 1910, c. 412, § 6 (Comp. St. 1916, § 9598), prohibiting a discharge where the applicant has obtained credit on a materially false statement in writing, a financial statement, made by the bankrupt as a basis for credit, which omitted from the assets certain merchandise and from the liabilities the amount due thereon, *held* not so materially false as to warrant denial of discharge and furnish ground for objection to a composition offer.

2. APPEAL AND ERROR ⬅️761—BRIEFS—RULES—AUTHORITIES.

Counsel, desiring an examination of cases referred to, should comply with rule 37 (235 Fed. xi, 148 C. C. A. xi), requiring citations of Federal Cases to be accompanied by the citation of the original report. and, where citation is made from American Bankruptcy Reports, that citation in the Federal Reporter or in the United States Supreme Court Reports should be given.

Hough, Circuit Judge, dissenting.

---

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of William Kerner, alleged bankrupt. From an order confirming the report of a special master recommending the creditor's objections to an offer of composition made before adjudication be sustained (245 Fed. 807), the bankrupt appeals. Order reversed.

Lester M. Friedman, of New York City, for appellant.

Charles H. Broas, of New York City, for appellee.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

ROGERS, Circuit Judge. It appears that the alleged bankrupt made application for the confirmation of a composition offered by him, and, objection having been made by a creditor, confirmation has been denied by the District Judge, who has confirmed the report of the special master, recommending that the creditor's objections be sustained.

[1] The composition proposed was made before adjudication and involved a payment of 30 per cent. in cash and notes. The offer has been accepted by a majority both in number and amount of all the creditors. The objection is by one creditor, whose claim amounts to $445.34. The objection relied upon is that the alleged bankrupt had made a materially false statement of his financial condition, and had obtained credit from the said objecting creditor upon the faith of that statement.

The alleged bankrupt was in the cloak and suit business, and was asked by the objecting creditor for a financial statement, which was furnished in January, 1917, and was made as of November 30, 1916. The statement omitted from the assets spring merchandise to the amount of $6,000, and from the liabilities $6,000, being the amount owing for the aforesaid merchandise. The amount of the omitted assets and the amount of the omitted liabilities thus equaled each other; and the alleged bankrupt offered to prove at the hearing, but on objection was not permitted by the special master to do so, that it was the custom in the cloak and suit business not to include in a statement any merchandise which had been received for the following season. The special master in his report, in alluding to this, says:

"Evidence to this effect was excluded, because it seems to me that, if a financial statement, with such omissions, is unlawful, as I hold it to be, it makes no difference whether there is, or is not, such a custom in the cloak and suit trade as that alleged."

Bankruptcy Act July 1, 1898, c. 541, § 14b, 30 Stat. 550, provides for a discharge of the applicant unless he has, among other things, "obtained property on credit from any person upon a materially false statement in writing made to such person for the purpose of obtaining such property on credit." The above provision was not in the statute as originally enacted, but was added in part by an amendment made in 1903 (Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797), and in part by an amendment made in 1910 (Act June 25, 1910, c. 412, § 6, 36 Stat. 839 [Comp. St. 1916, § 9598]). The words "a materially false

statement" were added in 1903, and they were construed by the Circuit Court of Appeals in the Third Circuit, in Gilpin v. Merchants' National Bank, 165 Fed. 607, 91 C. C. A. 445, 20 L. R. A. (N. S.) 1023 (1908), in an opinion written by Judge Gray, in which he declared that the phrase "materially false statement" must, in order to constitute a bar, "be intentionally or knowingly untrue." The court ordered the discharge in that case, and reversed the court below in finding that the word "false" in section 14b, clause 3, of the act, meant no more than "not true." So in Re Collins (D. C.) 157 Fed. 120 (1907), the court held that, to debar the discharge, the materially false statement must have been either knowingly false, or made so recklessly as to warrant a finding that the party acted fraudulently in making it.

But the language of the act is that the statement must have been "materially" false. It must not only be intentionally untrue, if it is to deprive the bankrupt of his discharge, but it must be untrue as respects a material matter. And by that we understand is meant matter which, if disclosed, would have caused the party who was to act upon the statement to withhold the credit which he extended. There is nothing in the record which shows that, if the omission which is complained of had been set forth in the "statement" submitted to the objecting creditor, the credit would not have been given. The only testimony we have from the objecting creditor comes from a witness who had charge of its credit department. He passed on the credit of the alleged bankrupt, and testified that credit was extended upon the truth of the financial statement which had been furnished. He was not asked, and did not state, that the omission was regarded as material, and would have led him to withhold credit, had he known that the assets exceeded by $6,000, and the liabilities exceeded by the same amount, the disclosures made in the financial statement upon which he acted. This court cannot say as a matter of law that such an omission is material.

[2] We notice in the briefs of counsel a failure to conform to rule 37 of this court (235 Fed. xi, 148 C. C. A. xi), which reads as follows:

"In the preparation of briefs any citations made from Federal Cases must be accompanied by the citation of the original report of the case, and, where a citation is made from the American Bankruptcy Reports, the citation in the Federal Reporter or United States Supreme Court Reports must also be given. If the case is not reported elsewhere than in Federal Cases or American Bankruptcy Reports, the fact must be so stated."

It is a serious inconvenience to the judges to have cases cited simply by the volume and page of the Bankruptcy Reports. If counsel wish cases which they refer to examined, their citations should conform to the rule which the court has prescribed.

The order of the District Court, denying the composition, is reversed.

HOUGH, Circuit Judge, dissents, on the ground that the financial statement in question was "materially false"; i. e., substantially untrue, and made so with intent to deceive.