### In re REED.

#### (District Court, N. D. Georgia. March 14, 1919.)

BANKRUPTCY ☞407(5)—DISCHARGE—GROUND OF REFUSAL—FALSE FINANCIAL STATEMENT.

Omission from statement made by bankrupt to bank, on which he obtained credit, of his indebtedness to usurious money loaners, is not cured, as regards its being ground for denial of discharge, by omission from his statement of an equity in real estate of practically the same amount, owned by him.

In Bankruptcy. In the matter of Thomas Reed, bankrupt. On objections to discharge, and petition to review special master's report, deciding against bankrupt. Decision affirmed.

King & Spanding, Rosser, Slaton, Phillips & Hopkins, and J. J. Slaton, all of Atlanta, Ga., for objectors.

Hendrix & Silverman, of Atlanta, Ga., for bankrupt.

NEWMAN, District Judge. The objection to discharge is on the part of the Atlanta National Bank and others, and the chief ground of the objection is:

"For that the said bankrupt, on or about the 25th day of October, 1913, made a statement in writing to the Atlanta National Bank, a copy of which is hereto attached, made a part hereof, and marked Exhibit A, and that, on the basis of said statement, the said bankrupt obtained money from the said Atlanta National Bank; that said statement was a materially false statement in writing made by said bankrupt to the Atlanta National Bank for the purpose of obtaining money or credit; and that said bankrupt, based upon such statement, did obtain money, to wit, the sum of $1,500."

There is another objection upon the ground that the bankrupt failed to keep books of account, so that his financial condition might be ascertained; but the second ground was not passed upon by the master, for the reason that, having passed upon the first ground in the manner in which he did, it was unnecessary to determine the second objection.

There is no question made here that the bankrupt did not make the statement claimed to have been made (the statement being in writing and in evidence); but the claim is that at the time he made the statement, and omitted the fact that he owed $1,500 to King Bros., he owned real estate worth substantially the amount of the debt he owed to King Bros., which he also left out of his statement, and this, it is claimed, offset his failure to state his indebtedness to King Bros., and rendered the statement not materially false for that reason.

The question which has been argued before me, and which is conceded by counsel for both sides to be purely a question of law, is whether the omission from the statement made to the bank of his indebtedness to King Bros. is cured by the fact that he also omitted a like amount in real estate which he owned. This question is not new, and seems to have been before the courts in a number of cases.

The main case relied upon by the objecting creditors is that of In

re Maaget (D. C.) 40 Am. Bankr. Rep. 221 (245 Fed. 804), in which the court held as follows, as stated in the headnotes:

"Neither a bankrupt nor any one else may defend a written statement of his financial condition, merely by showing that the balance is substantially correct.

"A financial statement from which a bankrupt knowingly omits an enforceable liability for the purchase price of goods, even though he thought it would do no harm, and that he was not then liable, is sufficiently false to bar a discharge."

This decision was by Judge Hand, of the District Court for the Southern District of New York, and subsequent to this the case of In re Kerner (D. C.) 245 Fed. 807 (40 Am. Bankr. Rep. 183), arose in the same court, and the decision by Judge Hand, as stated by the headnote, was as follows:

"Where a bankrupt, who issued a financial statement in January, omitted from his list of assets goods purchased for the spring trade, and omitted from the list of his liabilities debts incurred by the purchase of such goods, his offer of composition must be denied, despite his claim that it was customary in the trade to omit from the financial statement such assets and liabilities."

In the body of the opinion Judge Hand says:

"This case falls directly under my ruling in Re Maaget [D. C.] 245 Fed. 804, and I shall follow it, unless it appears that it has been overruled in Re Rosenthal, 231 Fed. 449, 145 C. C. A. 443. The opinion in that case does not pass upon the point, and I have no means of determining whether it was raised on the appeal. In any event the opinion below does not diverge from In re Maaget, but quotes it with approval, and the case has the distinguishing point that the bankrupt, who could not read or write, may well have supposed the statement to have been true. I cannot find that any court has decided that, where a bankrupt deliberately chooses to omit a liability for the purchase price of goods still on hand, he has made a true financial statement. Scienter is, of course, a necessary element in the charge, and it would be a defense to show that the bankrupt, however erroneously, supposed that the liability did not in fact exist."

In that case a confirmation of composition was denied by reason of the false statement. This case, however, subsequently went to the Circuit Court of Appeals for the Second Circuit, and is reported in 41 Am. Bankr. Rep. 507 (250 Fed. 993, —— C. C. A. ——). The headnotes in that case are as follows:

"Where it appears that an alleged bankrupt in the cloak and suit business furnished a financial statement to a creditor in January, which was made as of November of the preceding year, and omitted therefrom spring merchandise and liabilities for the same amount, and there is nothing to show that if the omission had been set forth in the statement the credit would not have been given, an application for the confirmation of a composition offered by the bankrupt should not be denied because of said omission.

"A statement in order to bar a discharge under section 14b of the Bankruptcy Act must be 'materially' false. It must not only be intentionally untrue if it is to deprive the bankrupt of his discharge, but it must be untrue as respects a material matter; that is, a matter, if disclosed, would have caused the party who was to act upon the statement to withhold the credit which he extended."

The decision, as shown by the headnotes just quoted, is by a majority of the court; Judge Hough dissenting. There are other au-

thorities cited, but these two are the main authorities relied upon, and I think this case must be decided on its own peculiar facts.

If the fact that the bankrupt owed money to King Bros., who were usurious money lenders, had been disclosed, would the bank have loaned him the $1,500? There was no evidence on this question, either in favor of or against the bankrupt; but I think it is reasonable to conclude that the fact that he owned an equity in real estate of practically the same amount would not overcome the effect, in the lender's mind, of the fact that he was borrowing money, and at that time owed money, at a high and usurious rate of interest.

If the decision of the majority of the court in Re Kerner, supra, should be considered as deciding the law of this matter, the facts in that case are so different from this that I would be unwilling to follow it, as I am requested to do here. In this case the bankrupt owed this $1,500, which he must have known, or certainly should have known, and he failed to put it in his statement to the bank, made for the purpose of obtaining a loan there. The fact that he owed this $1,500 would, of itself, be a material omission without reference to the character of the debt, and when the character of the debt is considered it is clearly material.

In my opinion this is a materially false statement under the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544 [Comp. St. §§ 9585–9656]), and should deny the bankrupt his discharge. Consequently I think the special master decided the case correctly, and his decision must be affirmed.