## In re LESSLER.
### No. 101.

Circuit Court of Appeals, Second Circuit.
Dec. 10, 1934.

Milton Kunen, of New York City, for appellant.

Newman & Bisco, of New York City (Leonard G. Bisco and Lester E. Denonn, both of New York City, of counsel), for Conlew, Inc.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

■ On November 23, 1931, the bankrupt, then being the sole stockholder in the Toba Realty Corporation, gave a statement in writing to the Manufacturers' Trust Company, New York, of her financial condition for the purpose of obtaining credit. The Manufacturers' Trust Company then held a note of Toba Realty Corporation, indorsed by the bankrupt, for $1,000. On that day, this note was reduced by a payment of $100. The bank, relying upon the financial statement then given by the bankrupt, extended credit for the remainder in a thirty-day note for $900 signed by Toba Realty Corporation and indorsed by the bankrupt.

The financial statement was in the form of a questionnaire used by the bank in which the answers to the questions were filled in by a credit man in the employ of the bank as they were given to him by the bankrupt who was unable to read or write.

The false statement upon which sole reliance was put in the denial of the discharge consisted of her answer that she was not an indorser or guarantor, or contingently liable otherwise, on any obligation. It was proved that when she so represented she was an indorser on a note given to National City Bank of New York by Toba Realty Corporation upon which there was an unpaid balance of $675. Her assets were stated to consist wholly of the stock of Toba Realty Corporation worth $87,894.81. This valuation was not shown to be false. No liabilities were given. An attempt was made to show that she was also liable on a judgment for $3,563, but it was unsuccessful.

The referee at first recommended the denial of a discharge. A District Judge refused to confirm the report and remanded the cause for further findings. They were made with a recommendation that the discharge be granted. Another District Judge refused to confirm, and the cause was again remanded for additional findings. When these were made, a denial of a discharge was recommended, and the District Judge who had acted upon the first report confirmed the third and denied the discharge.

There is no doubt that the statement was false, and, despite the bankrupt's excuse that she did not know what contingent liability meant and could not read or write, we must accept the finding that it was willfully false. If she, in answer to a question she did not understand, made a material misrepresentation with reckless indifference to what it meant, the misrepresentation was willful. Compare Morimura, Arai & Co. v. Taback, 279 U. S. 24, 49 S. Ct. 212, 73 L. Ed. 586.

■ To be sufficient cause for the denial of an application for discharge, however, the statement must have been materially false as well as intentionally false. Since the amendment of 1926 to section 14b, Bankr. Act (11 USCA § 32(b), an objecting creditor may, by showing reasonable cause to believe that the statement was intentionally and materially false, cast upon the bankrupt the burden of ultimate proof that it was not.

■ Yet nothing here turns on the burden of proof. On a balancing of assets against liabilities, if the liability had been disclosed and had been taken at the amount due on the note, the bankrupt would have had an excess of assets over liabilities in the ratio approximately of one hundred and thirty to one, and even after the credit she then obtained it would have been about fifty to one.

But even that seems to attach undue importance to the false statement. The liability concealed was secondary to that of the corporation whose stock was her sole asset. The value of that stock was correctly given in the statement. There is nothing to indicate that this amount was more than the liquidation value of the stock. Certainly there is not the slightest reason to believe that it had any market value in excess of the net worth of the corporation. In this view of the matter the contingent liability of the bankrupt was purely formal and did not affect her net worth as shown by her statement. We are all agreed that, in any event, the false statement concerned an amount so small in comparison to actual assets it is not reasonable to believe that, had the question as to contingent liability been correctly answered, the information would have been considered of any impor-

tance in determining whether or not to extend a credit of $900 for thirty days. Some argument has been made to the effect that the bankrupt thus concealed the fact that she had been given credit by another bank, and this is evident, but without some proof to show what effect that had upon the extension of credit we cannot say, as a matter of law, that it had any. Perhaps some banks would refuse credit for such a reason, and perhaps some would not.

Although I cannot persuade my brothers to agree, I think our decision should be based on a somewhat different concept of "materially false statement." While in a sense it may be said that there can be no fixed standard by which to determine the materiality of such a false statement as this and that it is all a matter of degree dependent upon the peculiar facts of each case, I think there is a test of materiality as a matter of law which so plainly and accurately reflects the meaning of the statute that it should be recognized. It is that stated in Re Kerner, 250 F. 993, 995 (C. C. A. 2). It is, when put in language which gives effect to the amendment of 1926, that a creditor so objecting to a discharge must inevitably fail if he does not show to the satisfaction of the court that there are reasonable grounds for believing that a false statement in writing was intentionally made about a "matter which, if disclosed, would have caused the party who was to act upon the statement to withhold the credit which he extended." This test of materiality has been given effect in this circuit, and I much prefer it to one so vague that in many cases it will be practically of little use as a guide to decision.

Order reversed, and cause remanded, with directions to grant the discharge.