## In re KELLER.
### No. 24.

Circuit Court of Appeals, Second Circuit.

Nov. 2, 1936.

Sidney S. Wallens, of Buffalo, N. Y., for appellant.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

After the petition in bankruptcy was filed and an application for discharge made, two specifications of objections were filed by the appellee, and the issues thus raised were referred to a special master, who found against the bankrupt and recommended that his discharge be denied. On review the District Judge confirmed.

The sole question presented on this appeal is whether a written financial report of January 4, 1933, given to the appellee and upon which the bankrupt obtained a loan of $1,000, is materially false within section 14b (3) of the Bankruptcy Act, as amended, 11 U.S.C. § 32 (b) (3), 11 U.S. C.A. § 32 (b) (3).

In the list of assets, it was stated that the bankrupt had $1,500 as an aggregate of deposits in named banks. The master found upon ample evidence that his actual deposits on that day amounted to $364.04, leaving a discrepancy of $1,135.96. During the business day of January 4, 1933, $600 was checked out from one of the bankrupt's accounts, which it is sought to include in computing and thereby lessening the amount of the discrepancy. It is not clear whether this withdrawal was made before or after making the loan, but in any event there was a substantial discrepancy. The second false statement consisted of an omission of a liability amounting to $2,400. It is stated that this liability represents merchandise purchased for a third store which the bankrupt opened on the day succeeding the loan and that the corresponding value of such merchandise was omitted from the asset column, and the argument proceeds that since these two items balanced each other, this omission is immaterial and should not bar a discharge.

■ Where a bankrupt has "obtained money or property on credit, or obtained an extension or renewal of credit, by making * * * a materially false statement in

writing respecting his financial condition," his discharge will be denied. Section 14b (3) of the Bankruptcy Act, as amended (11 U.S.C.A. § 32 (b) (3). As to materially false statements, we have said: "It is all a matter of degree dependent upon the peculiar facts of each case." In re Lessler, 74 F.(2d) 249, 251 (C.C.A.2). Thus, where falsity consists of an amount small in comparison with the actual assets, a discharge will be granted. In re Lessler, supra; Baash-Ross Tool Co. v. Stephens, 73 F. (2d) 902 (C.C.A.9). In the Lessler Case, the bankrupt failed to state that certain stocks were pledged. We pointed out not only the existence of assets worth $87,-894.81 and the absence of liabilities, except to the extent of the pledge, but also added that there was nothing to indicate that the stated value of the stock was in excess of its liquidation value. In the instant case, the financial statement showed an excess of assets over liabilities of $21,950, which the misstatement of deposits rendered materially erroneous. This was more than a small and immaterial discrepancy. Perlmutter v. Hudspeth, 264 F. 957 (C.C.A.3).

The master found, in considering the omission in the statement of liabilities, that the value of the corresponding assets was indefinite and uncertain. He pointed out that the bankrupt's testimony, without records to verify that the merchandise in the store was of a substantial value, was offered only after the proceedings had been continued for some time and the appellee had established the existence of the liabilities in question. He found that the largest item on the asset side of the statement was machinery or fixtures valued at $15,000, a substantial portion of which was conceded to be in the third store.

Assuming the proof was sufficient, it would not follow that the omission is rendered immaterial or the financial statement any the less false by the omission of a balancing asset. In re Reed (D.C.) 256 F. 412; In re Maaget (D.C.) 245 F. 804.

We are referred to our decision in Re Kerner, 250 F. 993, where this court, in granting a discharge, overlooked the omission of $6,000 of liabilities balanced by $6,000 of assets. The facts were peculiar and we found nothing in the record to indicate that the disclosure of the omitted accounts would have in any way affected the giving of credit. The loan here, however, was obtained before the new store was opened, and undoubtedly the appellee would have been influenced by the amount of liabilities involved in this new enterprise, and as stated, the existence of a larger liability "might have raised some question about granting the loan."

A discharge is a privilege which the law grants. See Swift & Co. v. Fortune, 287 F. 491, 495 (C.C.A.8). It must be denied where a materially false financial statement has been made. The finding by the master in this regard was approved by the District Court and we agree. Cf. In re Fackler (D.C.) 246 F. 864.

Order affirmed.