## In re FELDMAN et al.

## FELDMAN et al. v. SMITH TRUST & SAVINGS BANK OF MORRISON, ILL.

### No. 5935.

Circuit Court of Appeals, Seventh Circuit.

Nov. 7, 1936.

John H. Armstrong, of Ottawa, Ill., for appellants.

Luther R. Ramsay, of Morrison, Ill. (Samuel M. McCalmont and Mason Bull, both of Morrison, Ill., of counsel), for appellee.

Before SPARKS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

BRIGGLE, District Judge.

This is an appeal from an order of the District Court denying a discharge in bankruptcy to Joseph E. and James C. Feldman as individuals and as copartners under the firm name of Feldman Bros.

The Smith Trust & Savings Bank of Morrison, Ill., principal creditor of bankrupts, and appellee herein, presented twenty-six specific objections to bankrupts' petition for discharge. These were referred by the court to a special commissioner to hear and report findings. The commissioner found the facts and reported his conclusions recommending that eight of such objections be sustained and the balance overruled. On hearing of exceptions to such report the District Court sustained the report of the commissioner, and denied discharge. No question is presented for review concerning the court's ruling on those objections not sustained, but we are here concerned only with those objections found sufficient. The entire eight objections which were sustained were based upon the alleged falsity of various credit statements made to the bank upon which it is asserted money was loaned bankrupts, all in violation of section 14b of the Bankruptcy Act, as amended, 11 U.S.C.A. § 32 (b). The act provides that the judge shall hear the application for discharge and shall discharge the bankrupt unless he has, among other things, "obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing, or causing to be made or published, in any manner what-

soever, a materially false statement in writing respecting his financial condition."

It is disclosed that bankrupts had done business with appellee bank over a long period of years from the date of the death of their father in 1923 down to a time shortly before the bankruptcy proceedings herein, and it was during this period that the various financial statements, now asserted to have been in part false, were made, and various sums of money advanced by the bank.

■ Each of the eight objections centers chiefly on the assertion that bankrupts failed to disclose that they owed their mother, Minnie E. Feldman, sums of money varying in amount at different times and consequently the statement of their net worth was false.

Appellants in their brief state the contested issues to be:

(1) As to whether or not the loans to appellants were made upon the personal knowledge of the officers of appellee, or in reliance upon the financial statements offered in evidence.

(2) As to whether or not the officers of appellee were informed of an unlisted rent indebtedness of appellants to their mother at the time its officers accepted the financial statements and extended credit to appellants with knowledge of an unlisted rent indebtedness not shown on the statements.

(3) As to whether or not appellants' indebtedness to their mother was omitted with intent to deceive appellee and induce its officers to extend a credit which they otherwise would not have extended had they known of the omitted rent indebtedness to appellants' mother.

(4) As to whether or not had the omitted indebtedness to appellants' mother been put on the statements the officers of appellee would have refused to extend further credit.

We accept this statement as fairly defining the issue, and it immediately becomes apparent that only questions of fact are involved. This has necessitated an examination of the record to ascertain whether there was substantial evidence to support the findings of fact made by the commissioner and by the court approved. It is scarcely necessary for this court to again assert that it does not try questions of fact and will not on appeal disturb the lower court's findings of fact where there is substantial and competent evidence to support the same.

There were a number of controverted questions on the hearing and in some instances a very sharp conflict in the evidence bearing upon the relation of the parties and concerning what transpired and what was said on numerous occasions and over a long period. The making of the written financial statements is admitted, but appellants aver that the proof fails to show that they were made with intent to deceive the bank, that its officers were deceived thereby and extended credit which the bank otherwise would not have extended had the omitted item been shown on the statement. For example, they assert that "there is not a word of testimony in the record that had appellee known of the omitted indebtedness to Mrs. Feldman further loans would not have been made appellants * * * that Smith (President of the bank) was not asked and did not testify that had he known of the omitted indebtedness the existing loans would not have been extended. He was silent as a tomb on that proposition."

Had he so testified, it would not have been. evidence of a fact but would only have been expressive of a condition of mind existing in the witness at a given time and only indicative of his then notion of what he would or would not have done under given circumstances. This would at best have been of very doubtful value, and this question could better have been determined, as we think it was, by all the surrounding facts and circumstances and the reasonable intendments to be drawn from the other competent proof. Appellants stress In re Kerner (C.C.A.) 250 F. 993, on this point, but where fact questions are involved authorities are of little value, for each case is so wholly dependent upon its own facts that it lacks persuasion.

Much space is devoted in appellants' brief to argument of the facts, some of which is forceful, but of little benefit to a court not the trier of the facts. This opinion will not be extended to encompass a discussion of the same, but it is sufficient to observe that a careful examination of the record has convinced us that an application of the rule hereinbefore referred to unqualifiedly dictates noninterference with the District Court's determination of the facts.

■ In argument it was contended that the commissioner had applied erroneous

principles of law to his consideration of the facts. Even if this position with reference to the commissioner is meritorious, we will not assume that the District Court fell into such error, but where there is competent evidence to support the finding we will assume that the court considered only the competent evidence and in the absence of a showing to the contrary will assume that he applied correct legal principles.

The order of the District Court is affirmed.