## In re LASSMAN.
## No. 37809.

District Court, E. D. New York.

April 25, 1940.

William V. Glickman, of Brooklyn, N. Y. (Walter B. Milkman, of Brooklyn, N. Y., of counsel), for bankrupt for the motion.

Henry W. Parker, of New York City, for objecting creditor, opposed.

BYERS, District Judge.

Cross motions arising on order of referee denying bankrupt's discharge, the one to grant a petition to review, and the other to dismiss the latter.

The referee's report is strictly in accord with the evidence, in that the bankrupt is shown to have falsely stated in making written application for a loan from the objecting creditor, that there were no judgments against him, and that his debts amounted to $75.00, while in truth there were four judgments, amounting together to $272.96, of which the bankrupt had knowledge when he made the statement. Also that the creditor's representative, who passed on the loan, testified that he would not have approved of it, had he known of the judgments.

The objection to the report urged by the bankrupt is that there was no finding of fraudulent intent made by the referee, and if there had been, the evidence would not have supported it.

The applicable provision of the Act (Section 14, paragraph c, subdivision 3, 11 U.S.C.A. § 32, sub. c(3) makes no reference to intent. The language is clear that a discharge is not to be had if the evidence shows that the bankrupt "* * * obtained money or property on credit, * * * by making or publishing * * * in any manner whatsoever, a materially false statement in writing respecting his financial condition".

That language describes precisely what this bankrupt is shown to have done.

The fraudulent intent element was imported into verbiage otherwise free from ambiguity, by the opinions in several cases, some of which are relied upon by the bankrupt here.

Whether that process be called interpretation or amendment, makes little difference so far as the District Court is required to follow the decisions of the Second Circuit Court of Appeals. It is interesting to note, however, that Judge Hough dissented in two of the cases cited against this report: In re Rosenfeld, 2 Cir., 262 F. 876, and In re Kerner, 2 Cir., 250 F. 993.

Moreover, the law has been twice amended since those cases were decided, and in neither instance was anything incorporated into the statute on the subject of intent.

The case at bar is not one of inadvertence, nor honest mistake, nor of a bankrupt who was illiterate and therefore could not read a statement which some one else prepared for him.

It is not presently thought that such statements as, that a discharge in bankruptcy is a legal right, when lifted bodily from an opinion, are of material assistance. There is no such right, except as the law creates it, and when a bankrupt is shown to have stated falsely, in writing, material facts which are shown to have been relied upon in making a loan to him, he takes himself out of the class of honest debtors about which so much has been written by non-lending observers.

Petition to review denied. Motion to confirm referee's report granted. Settle order.