**In re CLEVELAND.**

No. 7859.

District Court, W. D. Michigan, S. D.

Oct. 19, 1940.

Thomas G. Roach, of Grand Rapids, Mich., for bankrupt.

Renihan & Lilly, of Grand Rapids, Mich., for Personal Finance Co., objecting creditor.

RAYMOND, District Judge.

This matter is before the court upon the referee's report to the court and his recommendation that discharge of bankrupt should be granted. Objections have been filed by Personal Finance Company, the substantial ground of the objections being that the referee erred in his finding that the bankrupt innocently omitted from a written financial statement an indebtedness to the Bishop Furniture Company in the sum of $90.85, and also in finding that bankrupt had sustained the burden of proof of honest belief in the nonexistence of any liability to the Northwestern Oil Products Company.

■■ The record fully supports the referee's findings of fact, and repetition here is unnecessary. The issue for determination upon the objections filed is whether the bankrupt, in omitting from his statement in writing to the objecting creditor the two claims referred to, was actuated by bad faith. In the case of Third National Bank v. Schatten, 6 Cir., 81 F.2d 538, 540, it was held that the words "false statement in writing" within provision of Bankruptcy Act, 11 U.S.C.A. § 32, authorizing denial of discharge therefor, implies statement knowingly false, or made recklessly without honest belief in its truth, and with purpose to mislead or deceive; "false" meaning false in sense of being intentionally untrue. Careful review of the record made before the referee convinces the court that there was sufficient basis for bankrupt's belief that the claim of the Bishop Furniture Company had been satisfactorily adjusted so that no indebtedness remained. The court is also convinced that the referee was right in his conclusion that the omission of the alleged claim of Northwestern Oil Products Company was not the result of a purpose to mislead or deceive. Bankrupt had repeatedly denied liability and had decided to contest the claim in court if sued. In the case of Baash-Ross Tool Co. v. Stephens, 9 Cir., 73 F.2d 902, 905, the court said: "* * * The bankrupt's conduct with reference to this suit which was pending seems sufficiently consistent with innocence and good faith to warrant the special master in finding that such omission was not made with the intent of falsifying his financial statements or

for the purpose of defrauding his creditors. To defeat a discharge on the ground that a bankrupt omitted obligations from a financial statement made by him, it is necessary to show either expressly or impliedly that he knew the obligations existed and could be enforced against him. In re Maaget (D. C.N.Y.) 245 F. 804. See, also, In re Kerner [2 Cir.] 250 F. 993." See also, Hartsfield Co. v. Smith, 5 Cir., 61 F.2d 723; In re Lessler, 2 Cir., 74 F.2d 249; In re Venturella, D.C., 25 F.Supp. 332; Gilbert's Collier on Bankruptcy, Fourth Ed., sec. 489.

It may be apparent that bankrupt was mistaken at the time of signing the written statement with reference to his liability upon the two claims in question, but, as indicated by the foregoing authorities, the ultimate test is whether the statement was intentionally untrue and made with a purpose to mislead or deceive. Upon this issue the court finds itself in accord with the conclusions of the referee. An order will accordingly be entered overruling the objections to the referee's report and granting discharge of bankrupt.