In re FINN.

Appeal of MORRIS PLAN INDUSTRIAL BANK OF NEW YORK.

No. 7577.

Circuit Court of Appeals, Third Circuit.

April 10, 1941.

Henry W. Parker, of New York City, for appellant.

Russell C. MacFall, of Ridgewood, N. J., for appellee.

Before BIGGS, CLARK, and GOODRICH, Circuit Judges.

BIGGS, Circuit Judge.

The bankrupt, Roy George Finn, is alleged by the appellant, The Morris Plan Industrial Bank of New York, to have made certain material false statements to it in connection with obtaining a loan for $675 and the appellant contends that for this reason the bankrupt is not entitled to his discharge, citing the provisions of Section 14, sub. c(3), of the Bankruptcy Act as amended, 52 Stat. 850, 11 U.S.C.A. § 32, sub. c(3). The appellant filed objections with the referee who overruled them and granted the discharge. Upon petition for review the District Court affirmed the referee's order. The appeal at bar followed.

The appellant contends that the bankrupt stated in his loan application to it that he was not making installment payments. In answer to the question upon the application, "Are you making installment payments on a loan or for merchandise? If so, to whom?", the bankrupt wrote the word "None". The information thus furnished by the bankrupt was certainly one of the considerations which caused the appellant to grant the loan and the answer given by him was not true. He had become indebted to the Paterson Wimsett System for a loan of $300 upon which he was obligated to make monthly installment payments. The Paterson Wimsett System loan had been made to the bankrupt only a few weeks prior to the time of his application to the appellant for a loan.

The referee found as a fact that the answer, "None", given by the bankrupt was not given with the intention of deceiving the appellant; that the appellant must have known that the answer was false because the bankrupt was already indebted to it for a prior loan at the time the application was executed and that the appellant may have made the loan because the bankrupt had a ". . long record of perfect payments."

Section 14, sub. c, 11 U.S.C.A. § 32, sub. c, expressly provides, "* * * That if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this subdivision c, would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt."

The burden was upon the bankrupt to prove that he had not committed any of the acts prohibited by the statute. Here the bankrupt made a false statement. The ruling of the referee that this false statement was immaterial because the bankrupt did not intend to deceive the appellant is erroneous as a matter of law. The statement was material if the appellant relied on it in making the loan. The evidence is overwhelming that the appellant did rely on it.

That the bankrupt knew that the statement was false when he made it is almost beyond conjecture. He is and was employed by the Borough of Glen Rock as a policeman. That the mind of a man of modest affairs would not advert to a loan

of $300 recently incurred by him and upon which very recent payments had been made is inconceivable. It is not necessary, however, to go this far. Express knowledge of falsity is not necessary. It is enough if he who obtains credit makes the false statement carelessly and with reckless indifference. Morimura, Arai & Co. v. Taback, 279 U.S. 24, 33, 49 S.Ct. 212, 73 L.Ed. 586; In re Lassman, D.C., 32 F. Supp. 830, affirmed Morris Plan Industrial Bank v. Lassman, 2 Cir., 116 F.2d 473; Klecka v. Shuttles Bros. & Lewis, 5 Cir., 115 F.2d 573; Woolen Corp. of America v. Gitnig, 3 Cir., 33 F.2d 259. That the bankrupt gave the answer "None" upon his application with reckless indifference is well illustrated by the question asked him on direct examination before the referee, "You did tell him [the appellant's assistant manager] that you owed the Paterson Wimsett System $120?", and the bankrupt's answer, "He did not ask me that."

The decree of the court below is reversed and the cause is remanded to the court below with directions to deny the bankrupt his discharge.