## In re CURTISS.

District Court, D. New Jersey.

Sept. 2, 1941.

Louis Ogust, of New York City, for petitioner.

William E. Kennedy, of Jamaica, N. Y., for bankrupt.

SMITH, District Judge.

This matter is before the Court at this time on a petition for review filed by the Morris Plan Industrial Bank of New York, a creditor, hereinafter referred to as the petitioner. The petitioner seeks a review of an order of discharge entered by the referee in bankruptcy.

The petition in bankruptcy, which was voluntary, was filed, and the adjudication entered thereon, on May 29, 1940. Thereafter, on June 18, 1941, after hearing, and over the objection of the petitioner, the said order of discharge was entered.

The petitioner, in opposition to the discharge, urged four specifications of objection, similar in their essential allegations, to wit, that the bankrupt had obtained money on credit and had obtained a renewal of that credit by making false statements in writing respecting his financial condition. The referee overruled the objection and ordered that the bankrupt be discharged.

The order of discharge is predicated upon the ultimate finding that the petitioner failed to sustain the burden of proof. This finding is clearly erroneous, and, it is evident, from the certificate filed by the referee, that it is based upon a misconstruction of the statute.

The Bankruptcy Act, Section XIV, Subdivision c, 11 U.S.C.A. § 32, sub. c, expressly provides: "The court shall grant the discharge unless satisfied that the bankrupt has * * * obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing or causing to be made or published in any manner whatsoever, a materially false statement in writing respecting his financial condition; * * * Provided, That if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which,

under this subdivision c, would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt."

The burden is upon the objecting creditor to establish by competent evidence reasonable grounds for believing that the bankrupt has committed one or more of the offenses, which, under the statute, would preclude his discharge. In re Patrizzo, 2 Cir., 105 F.2d 142; In re Smatlak, 7 Cir., 99 F.2d 687; Widder et al. v. Seiff, 2 Cir., 94 F.2d 6; In re Lessler, 2 Cir., 74 F.2d 249; In re Holzman, 2 Cir., 69 F.2d 828. When, and if, the objecting creditor sustains this burden, the burden of proof shifts to the bankrupt and he is required to prove, likewise by competent evidence, that he has not committed any one or more of the prohibited offenses. Ibid.

The effect of the amendment of May 27, 1926 was to cast upon the bankrupt the ultimate burden of proving that he had not committed any one or more of the acts condemned in the statute. In re Finn, 3 Cir., 119 F.2d 656; In re Smatlak, supra; Third National Bank v. Schatten, 6 Cir., 81 F.2d 538; In re Holzman, supra. It is obvious that the referee, although cognizant of the amendment, disregarded its effect.

The testimony offered by the petitioner at the hearing before the referee, a transcript of which has been read and considered by the Court, established the following facts: The bankrupt, on December 19, 1938, had applied to the petitioner for a loan, and had submitted with his formal application a written statement of his financial condition. Thereafter, on July 26, 1939, while still indebted to the petitioner on the original loan, the bankrupt had applied for an additional loan; this latter application had been accompanied by a letter in which the bankrupt, in effect, reaffirmed the financial statement. The financial statement had been admittedly false in several respects, to wit, ownership of property, existing liabilities, and annual earnings.

It is apparent to the Court, and should have been apparent to the referee, from the undisputed testimony, that the financial statement had been materially false; that the false statements therein had been intentionally made; and, that the petitioner had relied upon them, either in whole or in part, in passing upon the

risk. The discharge, therefore, should have been denied. In re Finn, Widder et al. v. Seiff, Third National Bank v. Schatten, In re Lessler, all supra; Morimura, Arai & Co. v. Taback, 279 U.S. 24, 49 S.Ct. 212, 73 L.Ed. 586; Morris Plan Industrial Bank v. Lassman, 2 Cir., 116 F.2d 473; In re Ernst, 2 Cir., 107 F.2d 760; In re Keller, 2 Cir., 86 F.2d 90; Mullen v. First National Bank, 10 Cir., 57 F.2d 711; In re Trimble, 8 Cir., 55 F.2d 165.

The order of discharge is vacated and set aside, and the discharge of the bankrupt is denied.