In the Matter of Max Joseph SCHWEIZER, Bankrupt.

Max Joseph SCHWEIZER, Appellant,
v.
CITY LOAN COMPANY, Appellee.
No. 12605.

United States Court of Appeals
Seventh Circuit.
Oct. 19, 1959.

Charlton, Yanisch, Binzak & Ritchay, Richard F. Yanisch, Milwaukee, Wis., for appellant.

Joseph B. Forman, Milwaukee, Wis., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.

HASTINGS, Chief Judge.

This is an appeal from an order of the district court affirming an order of the Referee in Bankruptcy denying the bankrupt a discharge following the objection of a creditor.

The bankrupt, Max Joseph Schweizer, had been engaged in the moving and storage business for some time prior to December 8, 1952, at which time he undertook the incorporation of his business pursuant to the laws of Wisconsin. A charter was issued by the State of Wisconsin in December, 1952, in the name of Golden Rule Van & Storage, Inc., but the incorporation was never finally perfected because of non-compliance with the statutory requirements relating to the subscription for, issuance of and payment for the capital stock, the initial meeting of stockholders and the election of officers and directors. Bankrupt was the sole incorporator. Thereafter, he operated his business under this corporate name, although there is some showing that in certain transactions he used his personal name or the name of Max Schweizer Storage Company.

Bankrupt was purchasing certain real estate in his own name from Roblee Investment Company under a land contract for $40,000 in July, 1953, at which time he had an equity of $7,000 and owed a balance of $33,000 to the seller. At that time (July, 1953), he obtained a personal loan from City Loan Company, the objecting creditor in this case, which loan was repaid in full. At the time of his application for this loan, bankrupt informed the loan company of his interest in the Roblee real estate. On April 5, 1954, bankrupt again applied to City Loan Company for a loan of $300, which was granted, secured by a mortgage on certain of his chattels. In connection with his application for this loan bankrupt again listed his balance to Roblee Investment Company of $30,000 and a balance of $1,200 owing to a bank as his personal debts and in his own handwriting signed a statement in the words: "I have no other debts."

The record further shows that in January, 1953, prior to the making of either of the two loans by City Loan Company to bankrupt, that bankrupt, because of his business financial difficulties, made three loans from his brother, sister and a friend aggregating $5,137.25 and used this money in his business. He listed these loans as debts in his bankruptcy schedule, but failed to list them on the so-called "financial statement" in connection with his loan of $300 from City Loan Company on April 5, 1954. His failure to do so, coupled with his declaration that "I have no other debts," is the basis of the creditor's objection to the discharge.

Bankrupt contends that he regarded these omitted loans as business debts and that at the time he thought of them as corporate obligations and had no intention of misleading or deceiving City Loan Company. The Referee took the position that bankrupt sought "to hide behind the imperfect corporate veil of Golden Rule Van & Storage, Inc. and it is the court's considered opinion that he attempted to use this imperfect veil to confuse and mislead his creditors." The Referee followed this with specific findings that bankrupt's financial statement in writing given to City Loan Company was a materially false statement, knowingly made for the purpose of obtaining credit from City Loan Company, with intent to deceive, and on which the creditor relied in making the loan.

There can be no dispute as to the law applicable to this case. The cases clearly hold that if a bankrupt obtains credit based on a materially false statement in writing respecting his financial condition, knowingly made with intent to deceive, that statement being relied upon by the person extending the credit, then upon proper objection by the creditor the court may refuse to grant a discharge pursuant to Section 14, sub. c(3) of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c. Third National Bank v. Schatten, 6 Cir., 1936, 81 F.2d 538; Gilpin v. Merchants Natl. Bank, 3 Cir., 1903, 165 F. 607, 20 L.R.A.,N.S., 1023; In re Cleveland, D.C.W.D.Mich. S.D.1940, 40 F.Supp. 343; In re Philpott, D.C.S.D.W.Va.1940, 37 F.Supp. 43.

The sole question before us on this appeal is whether there is evidence in the record on which the Referee could justifiably base his findings above referred to.

We are not unmindful of the weight and credit to be given to findings of fact in a situation such as confronts us here. We have been slow to set them aside, having in mind the opportunity afforded to the trier of the facts to hear the witnesses in person, to observe their demeanor on the witness stand and to judge their credibility; and we have never and do not now assume such to be our function as an appellate tribunal. However, we are here dealing with what was actually the *state of mind* of the bankrupt at the time he obtained the small loan in question. If bankrupt believed that the obligations owing to his two relatives and a friend were corporate debts, then he could not have the requisite intent to deceive. On the other hand, if bankrupt believed that these obligations were personal debts, then his statement, "I have no other debts," could be said to have been made with intent to deceive. We are concerned with possible inferences the trial court could reasonably have drawn from the evidence before it.

Accordingly, we have made a careful and thorough review of all the record before the Referee and are compelled to conclude that there is a complete absence of anything in the record from which an inference could reasonably be drawn that bankrupt's failure to list certain debts in his "financial statement" to the objecting creditor *was knowingly done with intent to deceive such creditor as to the existence of his personal obligations* and thereby induce it to extend the credit given. Cf. In re Little, 2 Cir., 1933, 65 F.2d 777.

The order of the district court affirming the order of the Referee in Bankruptcy, dated January 11, 1957, refusing a discharge to bankrupt is reversed, and this case is remanded to the district court for further proceedings not inconsistent with this opinion.