The motion to dismiss the appeal is hereby denied.

**In the Matter of Robert W. HOWAT, Bankrupt.**

**No. 12849.**

United States Court of Appeals
Seventh Circuit.
May 26, 1960.

583

Philip Conley, Chicago, Ill., for appellant.

Alex H. Rosenbaum, Lester E. Williams, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, KNOCH, Circuit Judge, and PLATT, District Judge.

PLATT, District Judge.

The referee in bankruptcy granted the bankrupt his discharge in the face of the objections by a creditor, Dana Campbell, who alleged that the bankrupt made two false financial statements, one to General Finance Company and the other to Household Finance Corporation, to obtain a loan from each. The objector filed a petition for review and the referee in bankruptcy certified the petition for review to the district court in accordance with § 39, sub. a(8) of the Bankruptcy Act, 11 U.S.C.A. § 67, sub. a(8). The district court entered an order affirming the order of discharge without hearing further evidence. The objecting creditor has appealed from this order and maintains that the referee's findings were not supported by the evidence.

The pertinent statute, section 14, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c provides in part as follows:

"The court shall grant the discharge unless satisfied that the bankrupt has * * * (3) obtained money or property on credit, or obtained an extension or renewal of credit, by making * * * a materially false statement in writing respecting his financial condition; * * *"

This section has been interpreted by this court to mean that "if a bankrupt obtains credit based on a materially false statement in writing respecting his financial condition, knowingly made with intent to deceive, that statement being relied upon by the person extending the credit, then upon proper objection by the creditor the court may refuse to grant a discharge * * *." Schweizer v. City Loan Co., 7 Cir., 1959, 271 F.2d 95, 97.

The referee in bankruptcy found from all the evidence in substance:

(1) That the bankrupt failed to disclose all of his debts correctly in the two financial statements;

(2) That the bankrupt did not wilfully intend to defraud the loan companies by these statements; and

(3) That neither of the loan companies relied upon the false statement given to them by the bankrupt.

The district court was bound by General Order of Bankruptcy 47, 11 U.S.C.A. following section 53, which requires the district judge to accept the referee's findings of fact unless clearly erroneous. This court must also accept the findings of the referee, affirmed by the district judge, unless the findings of fact are clearly erroneous. Rule 52(a), Fed.Rules Civ.Proc., 28 U.S.C.A. In re Garden City Brewery, 7 Cir., 1953, 208 F.2d 377; Porterfield v. Gerstel, 5 Cir., 1957, 249 F.2d 634. Thus the issue presented is whether the referee's findings are clearly erroneous.

■ To determine this issue the evidence must be examined. The two financial statements to the loan companies were offered and accepted in evidence. The bankrupt testified that he was an advertising copywriter, kept no record of his liabilities, and was unable to recall all of his debts; that he had obtained previous loans from both companies; that he discussed his financial problems with an agent of the company and disclosed other debts not mentioned in the statements; that he did not list the indebtedness to Dana Campbell, the objecting creditor, because he was of the opinion that he was not indebted to her; that he did not intend to defraud the loan companies; that he did not intentionally make a false statement; and that he made payments on these loans up to the filing of the petition in bankruptcy; that he did list the indebtedness to Household Finance Corporation on the statement to General Finance Company, and also listed the indebtedness to General Finance Company on the statement to Household Finance Corporation.

Mr. Alvin W. Olson, General Manager of General Finance Company, testified in part, that when he made the loan in question to the bankrupt, he considered the payment of prior loans by the bankrupt, and the amount of his salary.

There was other testimony which conflicted with the foregoing evidence. Since the referee heard and saw the witnesses, he was in a position to determine the issues of fact. It was his duty to make findings of fact. General Order of Bankruptcy 47, 11 U.S.C.A. following section 53. From the evidence set forth the referee was justified in finding:

(1) That the bankrupt did not wilfully make the statements to the loan companies, to obtain credit, with the intent to deceive them; and

(2) That the loan companies did not rely on these statements when they granted the bankrupt the loans.

Findings of the referee in bankruptcy are not clearly erroneous. For the reasons stated the order granting the discharge is

Affirmed.