**In the Matter of Herbert RUBIN and Marion Rubin, individually and jointly, Bankrupts.**

No. 25974.

United States District Court
E. D. Pennsylvania.

Sept. 24, 1964.

Martin J. Resnick, of Techner, Rubin & Shapiro, Philadelphia, Pa., for bankrupt.

Morton E. Rotman, Philadelphia, Pa., for trustee.

FREEDMAN, Circuit Judge (acting by designation).

This matter is before me on a petition for review of an order of Referee Wolfe, entered October 29, 1962, sustaining objections to the discharge of Herbert Rubin, the bankrupt, and denying his discharge.

Referee Wolfe denied the discharge on two grounds: (1) the bankrupt's concealment or failure to keep or at least failure to preserve books of account and financial records; (2) the bankrupt's issuing of a materially false statement of his financial condition, given for the purpose of obtaining credit and on which the creditor substantially relied.

I have reviewed with care the notes of testimony taken before the Referee

942

and believe that the evidence amply supports his findings. They certainly, therefore, cannot be deemed to be "clearly erroneous" under General Order 47.

█ 1. Some doubt attends the first ground for the denial of the bankrupt's discharge. Three or four cartons of records were delivered to the trustee either by the bankrupt's brother or an employee. The trustee did not examine the cartons but placed them on the floor in his office, where they were kept without any examination from September or October, 1959, until they were delivered to the trustee's accountant. The accountant said this was about a year and a half prior to his testimony on December 7, 1961, which would make it approximately June of 1960. The records therefore were in the trustee's office for at least six months, and perhaps much longer, before they were delivered to the accountant, who then itemized what he received. Doubt is cast on the manner in which the trustee preserved the records while they were in his office. For when they were later examined there were found mingled with them records of the trustee's personal business. Of course, if complete records were delivered to the trustee, evidence that when they were examined quite some time later, some records were missing, is no proof against the bankrupt.

However, there was oral evidence which justified the Referee in finding that nothing had been removed from the cartons and that at the most some records of the trustee's personal business had been mistakenly dropped into the cartons before they were delivered to the accountant. Moreover the storage of the records in open cartons in the bankrupt's garage before the bankruptcy was much more likely to have been the cause of their disappearance than the similar storage in the trustee's office.

█ 2. The evidence clearly supports the Referee's opinion and findings that the statement by the bankrupt on September 19, 1958 (Trustee's Exhibit 5), which listed the residences of the three partners and the first mortgages, but omitted the second and third mortgages against them, was given to induce the creditor to extend further credit and was in harmony with the prior practice of the partners and their wives to guarantee purchases of merchandise for the business. In these circumstances the bankrupt's claim that the second and third mortgages were omitted because the creditor wanted merely a list of the encumbrances which the partners were paying off individually and that the second and third mortgages did not fall within this description, is so unreal that it is not entitled to credence. Indeed the bankrupt's argument on this phase of the case is planted largely on the ground that earlier authorities, such as In re Schweizer, 271 F.2d 95 (7th Cir. 1959), and In re Ginsberg, 219 F.2d 472 (3d Cir. 1955), require some specific summarization which in effect would amount to a specific conclusion addressed to the creditor that this and nothing else is the amount of all encumbrances. Some of the decisions cited are indeed quite interesting, but I am satisfied that there is no such artificial rule of law.

The Schweizer case is readily distinguishable. There the bankrupt applied for a small loan and in the financial statement listed a large personal obligation and declared "I have no other debts". There were in fact other debts. The court reversed the denial of a discharge and found a complete lack of evidence of any intention to deceive the creditor, because the debts which were omitted were believed by the bankrupt to be the obligations of his business, which was an imperfectly formed corporation.

In In re Ginsberg, where the denial of a discharge was reversed, the Referee had found that certain omitted debts were partnership debts and should have been included in what purported to be a partnership financial statement. The evidence clearly showed, however, that they were individual, personal debts contracted prior to the formation of the partnership and that the partnership had never assumed them. The statement

omitting them from the partnership's financial statement therefore was not false.

### ORDER

And now, September 24, 1964, the petition for review of the Referee's Order of October 29, 1962, is denied and the Order of the Referee is affirmed.