## Philadelphia Dressed Beef Company
## v. Rubin

*Paul Shapiro,* for plaintiff.

*Larry H. Slass,* for defendant.

McDEVITT, P. J., April 30, 1968.—On July 8, 1959, Philadelphia Dressed Beef Company entered judgment by confession against defendants on a note in the sum of $10,000. Damages were assessed in the sum of $11,000.

On August 26, 1959, defendants, Herbert Rubin and Marion Rubin, husband and wife, filed a voluntary petition in bankruptcy individually and jointly. On December 1, 1959, a referee in bankruptcy for the United States District Court for the Eastern District of Pennsylvania granted a discharge in bankruptcy, "individually and jointly", to Marion Rubin only. The court affirmed the referee's refusal to discharge Herbert Rubin.[1]

On April 23, 1964, the Colonial Beef Company became the assignee of the aforementioned judgment. Colonial filed a writ of revival on December 11, 1967. The matter has now come before this court upon plaintiff's preliminary objection, in the nature of a demurrer, to defendant Marion Rubin's answer to the writ of revival, which raised under the heading "New Matter", her discharge in bankruptcy.

Plaintiff, in its brief, appears to concede that defendant Marion Rubin's individual assets, acquired after her discharge in bankruptcy, are not available for the satisfaction of the debt to plaintiff, which was incurred before bankruptcy. We agree that Marion

---

[1] See In re Rubin, 233 F. Supp. 941 (E. D. Pa., 1964).

Rubin's individual after-acquired assets are not available to satisfy plaintiff's claim.[2]

Although the above conclusion would be sufficient to sustain a dismissal of plaintiff's preliminary objection, we nevertheless address ourselves to the question that appears to be the real bone of contention between the parties: Are entireties assets, acquired jointly by Herbert and Marion Rubin after Marion's discharge in bankruptcy, available for satisfaction of plaintiff's claim against the marital entity, which claim arose before Herbert and Marion filed their petition in bankruptcy?

The present question appears to be one of first impression in the Pennsylvania courts. Plaintiff, while admitting that there is no appellate authority on the question, points to a line of cases from common pleas courts in other counties of Pennsylvania as precedent.[3] These cases, however, stand basically for the following proposition: Where a husband and wife enter into the execution of a judgment note as a common obligation, and thereafter one of the spouses becomes bankrupt and is discharged in bankruptcy proceedings *but the other spouse has not become bankrupt and is not so discharged,* the obligee of the note may enter it in judgment against both obligors and execute against property held by them as tenants by the entireties, since the discharge affected only the several liabilities aspect of the debt but afforded no

---

[2] Bank of Erie v. LaJohn, 27 D. & C. 2d 705 (C. P. Erie County, 1962).

[3] Reserve Loan Co. of Warren v. Confer, 38 D. & C. 2d 451 (C. P. Warren County, 1965); Stone Construction Co. v. Schubert, 36 D. & C. 2d 709 (C. P. Montgomery County, 1965); Bank of Erie v. LaJohn, supra; and Budget Plan, Inc. v. Hicks, 25 D. & C. 2d 365 (C. P. Centre County, 1961).

relief against the liability created by the husband and wife as a common-law entity.[4]

The basic difference between the case at bar and the cases relied on by plaintiff is that, in the case at bar, both husband and wife filed in bankruptcy, individually and jointly. By so doing, they submitted not only their individual property but also their entireties assets to the jurisdiction of the bankruptcy court for the satisfaction of their creditors, including creditors of the marital entity as such.

We are wholeheartedly in accord with the principles enunciated in the LaJohn case, supra, which is the leading case in Pennsylvania on the point with which it deals. In that case, Judge Laub carefully outlined the characteristics of the entireties estate in our Commonwealth and pointed out, at page 713 of 27 D. & C. 2d, the reason that the discharge of the husband-debtor did not effect a discharge of the marital unit:

". . . the immunities which accrue to a debtor by reason of a bankruptcy discharge must be measured by the limitations on the power of the bankruptcy court to administer his property and discharge his liabilities. As to property it cannot reach and debts it cannot adjudicate, the judgments and decrees of a bankruptcy court are inoperative. In consequence, the unit obligation was unaffected by the bankruptcy and the parties to the judgment notes, *as a separate entity*, were in the precise position they would have been in had bankruptcy not been invoked". (Italics supplied.)

By filing their individual and joint petition in bankruptcy, Herbert and Marion Rubin subjected both their individual property and their entireties property to the jurisdiction of the bankruptcy court.

---

[4] The proposition, as stated, is almost a literal quote of headnote 1 of the LaJohn case, supra.

One of the debts listed in Mr. and Mrs. Rubin's petition was the judgment of the Philadelphia Dressed Beef Company, which received notice of the bankruptcy from the office of the referee. The referee granted Marion Rubin a discharge "individually and jointly", while refusing Herbert Rubin a discharge. Under the circumstances, we believe that the effect of the words "and jointly" could not be other than a discharge of the marital entity itself. To hold otherwise would be to deny effect to these words. Accordingly, we find that property which Marion Rubin acquired jointly with her husband, Herbert, after the date of her discharge in bankruptcy is not available to satisfy the joint obligations of Herbert and Marion Rubin contracted before bankruptcy.[5]

Therefore, we dismiss plaintiff's preliminary objection to defendant Marion Rubin's answer.

### ORDER

And now, April 30, 1968, upon consideration of plaintiff's preliminary objection to defendant Marion Rubin's answer and the briefs and argument of counsel, it is ordered that said preliminary objection be, and it is hereby, dismissed. Plaintiff may file a reply to defendant Marion Rubin's new matter within 20 days of the date of this order.

---

[5] We deal herein only with property that has been acquired bona fide as entireties property. We do not, therefore, preclude an attack by plaintiff upon the propriety of the conveyance of any particular asset to Herbert and Marion as tenants by the entireties.