## OTIS ELEVATOR CO. et al. v. MONKS.

### No. 4576.

United States Court of Appeals
First Circuit.

Nov. 6, 1951.

Arthur T. Wasserman, Boston, Mass. (Coleman L. Bornstein, Boston, Mass. and Wasserman & Salter, Boston, Mass., on the brief), for appellants.

Douglas Smerdon, Boston, Mass. (Thomas M. Vinson, Boston Mass., on the brief), for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

WOODBURY, Circuit Judge.

An involuntary petition in bankruptcy was filed by the appellants against Antoinette G. Monks, the appellee herein, on May 25, 1950, wherein as an act of bankruptcy it was alleged that on or about the eleventh day of April, 1950, while insolvent or unable to pay her debts as they matured, she had procured, permitted or suffered voluntarily or involuntarily the appointment of a receiver to take charge of her property. The appellee in her answer denied that the petitioners had provable claims fixed as to liability and liquidated as to amount, and further answering said that she was "not insolvent nor unable to pay her debts as they mature," and furthermore, "that if it should appear that she was unable to pay her debts as they mature, the same is due to the fact that the Commonwealth of Massachusetts has taken her property by eminent domain, and the question of the damages of such taking has not been settled."

The District Court referred the question of the standing of the petitioners to file their petition to a referee in bankruptcy who sustained their right. A motion by the petitioners for entry of an order of adjudication was denied by the court, and the question of the appellee's solvency was then submitted, on her application, to a jury which by special verdict answered "No" to the question: "Was Antoinette G. Monks on April 11, 1950 insolvent?" Thereupon the court below entered the judgment appealed from ordering the petition for adjudication dismissed on that special verdict, and also on its own ruling that since no allegation of insolvency appeared in the petition for the appointment of receivers filed in the State Court, and it did not appear that their appointment was predicated on insolvency, and since that receivership was only a limited one, as a matter of law the act of bankruptcy alleged in the petition had not been committed by Mrs. Monks, even though she might have been insolvent on April 11, 1950.

Throughout the trial the District Court took the position in ruling upon the admissibility of evidence and in its charge that the only issue was whether or not Mrs. Monks at the time receivers were appointed by the state court had property which at a fair valuation was sufficient in amount to pay her debts, irrespective of whether or not at that time she was able to meet her financial obligations as they matured. This is the principal error urged by the appellants on this appeal. Their point seems to us well taken.

Section 3 of the original Bankruptcy Act, 30 Stat. 546 as amended in 1903, 32 Stat. 797, 11 U.S.C.A. § 21, provided that an act of bankruptcy had been committed when a person "being insolvent, applied for a receiver or trustee for his property or because of insolvency a receiver or trustee has been put in charge of his property under the laws of a State, of a Territory, or of the United States". A few years later this court in In re Wm. S. Butler & Co., Inc., 1 Cir., 1913, 207 F. 705 held that the above language required that for a state court receivership to constitute an act of bankruptcy, the receiver must have been appointed because of the debtor's insolvency in the bankruptcy sense, and that appointment of a receiver because of insolvency in the equity sense of inability to pay debts as they mature did not constitute an act of bankruptcy. This holding rested upon § 1(15) of the Bankruptcy Act wherein it is provided that "a person shall be deemed insolvent within the provisions of this Act whenever the aggregate of his property * * * shall not, at a fair valuation, be sufficient in amount to pay his debts".

The statutory definition of insolvency has remained unchanged. See § 1(19) of the Chandler Act, so called, 52 Stat. 841, 11 U.S.C.A. § 1(19). The statutory provision with respect to the appointment of a receiver or trustee as constituting an act of bankruptcy, however, has been amended. It was amended first in 1926, 44 Stat. 662, in respects not here material, and it was amended again in 1938 by § 3,

sub. a(5) of the Chandler Act, 52 Stat. 844, so that now an act of bankruptcy is committed by a person who "while insolvent *or unable to pay his debts as they mature,* procured, permitted, or suffered voluntarily or involuntarily the appointment of a receiver or trustee to take charge of his property". The words of the statute added by the Chandler Act of 1938, which we have put in italics, seem to us clearly meaningful.

In the first place the present statutory language, even read out of context, seems clearly to make a receivership grounded upon insolvency either in the special bankruptcy sense or in the equity sense an act of bankruptcy. And in the second place the addition of the words italicized above, in the light of the holding (by a divided court incidentally) in the Butler case, supra, seems to make it clear that Congress intended the rule of that case no longer to be law. Moreover, the second and third acts of bankruptcy enumerated in § 3, sub. a, supra, consists of certain specified conduct by a person "while insolvent," whereas the fifth act, as appears above, is made to consist of conduct "while insolvent or unable to pay his debts as they mature." We cannot but assume that the clause added by the 1938 amendment was intended to have meaning, and its clear meaning can only be that a person who procures, permits or suffers, voluntarily or involuntarily, the appointment of a receiver or trustee to take charge of his property, either while he is insolvent in the bankruptcy sense, or else while he is insolvent in the equity sense of being unable to pay his debts as they mature, has committed an act for which he may be adjudicated a bankrupt.

There is merit also in the appellants' further contention that the court below erred in ruling on its own motion as a matter of law that since the receivership was a limited one, no act of bankruptcy was committed even though Mrs. Monks was in fact insolvent when her receiver was appointed. It is true, as conceded by the appellants, that to constitute an act of bankruptcy a receivership must be a general one.

Elfast v. Lamb, 2 Cir., 1940, 111 F.2d 434, 436, and cases cited. But the issue of whether or not the receivership in Mrs. Monks' case was general or limited was not raised by the pleadings. All that appears therein is an allegation in the petition of the appointment of a receiver, which allegation was not replied to or even mentioned in any way in the answer. Nor is the evidence as to the nature of the receivership, which came into the case by way of a statement volunteered by the receiver when he was on the stand, by any means conclusive. It is true that the receiver, a lawyer, said that he was a "limited receiver; in other words, I was only receiver of just the chose in action for the eminent domain taking, and not of any other property of the defendant." But there is evidence that he was appointed receiver for the benefit of all creditors, and that the chose in action for the property condemned and taken from Mrs. Monks was her only asset available for the payment of creditors. Whether the receiver was appointed receiver of that asset only, or whether he was appointed a general receiver and that is the only asset he found, does not appear for his appointment was not made part of the record. In the present state of the record we cannot tell whether the receivership was general or limited, and so we leave that issue for determination at the next trial.

There is no merit in the appellants' remaining contention that they are entitled to a directed verdict on the ground that the overwhelming weight of the evidence is that Mrs. Monks was unable to pay her debts as they matured at the time when the receiver was appointed to take charge of her property, and that her counsel admitted as much in his opening statement. To direct a verdict on an opening statement, as counsel for the appellants unsuccessfully moved the court to do in the case at bar, if sanctioned by the Rules, would certainly be radical procedure, and in our opinion the court ought not to grant such a motion unless it determines after careful and thorough inquiry that counsel has not only accurately but also fully stated his entire case in detail. No such inquiry was made here. The court merely denied the motion

outright, as we think it clearly should have done on the statement made by counsel for Mrs. Monks.

█ Nor is the evidence of Mrs. Monks' insolvency or inability to pay her debts as they matured as overwhelming as petitioners' counsel says it was in his argument in support of his motion for a directed verdict made at the close of all the evidence. Mrs. Monks disputed many items of indebtedness presented against her, and testified categorically that she could have paid all her legitimate bills as they matured had they been presented. Without going into further detail it will suffice to say that the evidence in the record raised an issue for the jury as to whether or not on the critical date Mrs. Monks was either insolvent in the bankruptcy sense, or else unable to pay her debts as they matured.

The judgment of the District Court is vacated and the case is remanded for further consistent proceedings.