In the Matter of J. J. S. CO., Inc.,
an Alleged Bankrupt.

J. J. S. CO., Inc., Respondent-Appellant,

v.

Jerome SACKS et al., Petitioners-Appellees.

No. 18806.

United States Court of Appeals,
Seventh Circuit.

May 27, 1971.

Rehearing Denied July 14, 1971.

John P. Price, Sherwood Blue, Indianapolis, Ind., for respondent-appellant; Blue & Roberts, Hamill, Price & Carroll Indianapolis, Ind., of counsel.

Marvin T. Bornstein, F. Pen Cosby, Indianapolis, Ind., for petitioners-appellees.

Before SWYGERT, Chief Judge, CASTLE, Senior Circuit Judge, and CUMMINGS, Circuit Judge.

CASTLE, Senior Circuit Judge.

J.J.S. Co., Inc. prosecutes this appeal from an order of the District Court, entered on petition for review, affirming the bankruptcy referee's findings of fact, conclusions of law and decision adjudicating J.J.S. Co. a bankrupt. The principal contested issues which are precipitated by this appeal are (1) whether the appellees qualify as petitioning creditors and constitute the requisite number to support the involuntary adjudication of bankruptcy, and (2) whether the record supports the findings of insolvency and the commission of an act of bankruptcy.

The parties agree that in the instant case the involuntary petition filed pursuant to 11 U.S.C.A. § 95(b)[1] requires at least three petitioning creditors who have provable claims.[2] And it is not contended that Martin Thumin does not qualify as such a creditor.

J.J.S. Co., Inc., hereinafter referred to as the appellant, contends that Jerome Sacks does not qualify as a petitioning creditor because he was the active manager of the appellant. But neither this fact nor the fact that he is an officer, director and a principal shareholder of appellant, owning fifty percent of its shares, serves to disqualify him as a petitioning creditor. While 11 U.S.C.A. § 95(e), if the bankrupt is a corporation, excludes shareholders, officers and directors in the computation of the number of creditors of a bankrupt for the purpose of determining how many creditors must join in the petition, it does not serve to disqualify an officer, director, or shareholder as a petitioning creditor. Winkleman v. Ogami, 9 Cir., 123 F.2d 78, 80. Consequently, Jerome Sacks qualifies as a petitioning creditor.

The appellant contends that Sacks Bros. Loan Co., Inc., is disqualified as a petitioning creditor because its claim is based on merchandise consigned to appellant and is fully secured and collateralized, and that Sacks Bros. is barred as a petitioning creditor because it participated in the receivership action alleged to have constituted the act of bankruptcy. From our examination of the record herein we find no merit in either of these contentions. The record contains substantial evidence to support the referee's finding of fact, affirmed by the District Court, that the appellant was indebted to Sacks Bros. in the amount of $2669.70, and a finding so supported must be accepted by this Court. It is not clearly erroneous. Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. In re Howat, 7 Cir., 278 F.2d 582, 583. And, the District Court did not err in failing to find that Sacks Bros. is barred from joining as a petitioning creditor because it filed a pe-

---

1. § 95(b) provides, in pertinent part: "Three or more creditors who have provable claims not contingent as to liability against a person, amounting in the aggregate to $500 in excess of the value of any securities held by them, * * * may file a petition to have him adjudged a bankrupt."

2. The petition in the instant matter was filed by Jerome Sacks, Sacks Bros. Loan Co. and Martin Thumin. Thereafter, Chicago Musical Instrument Co., filed a petition as an intervening creditor.

tition to repossess merchandise in the State court receivership proceeding. It appears from the record that appellant had received certain merchandise from Sacks Bros. on consignment, some of which had been sold by the appellant but no remittance made to Sacks Bros. in payment therefor. The record reveals that Sacks Bros.' claim in the sum of $2669.70, on which it bases its status as a petitioning creditor, is for the balance due and owing from appellant for consigned merchandise sold but not paid for. And, that Sacks Bros. filed a repossession petition in the receivership proceeding for the return of the balance of the consigned merchandise remaining in the receiver's possession does not disqualify or bar Sacks Bros. from joining as a petitioning creditor in the involuntary bankruptcy proceeding. Sacks Bros. did not initiate the State court receivership. Whatever may have been the law prior to 1938 when subd. (h) was added to 11 U.S.C.A. § 95 [3] (Cf. In re Curtis, 7 Cir., 94 F. 630) it is now recognized that the mere submission of a claim in such a non-bankruptcy proceeding does not preclude the claimant from being a petitioning creditor in a subsequent petition for involuntary bankruptcy. 1 Remington on Bankruptcy, Sec. 207, p. 316 and Sec. 206, p. 315.

It thus appears that there were at least three qualified petitioning creditors who joined in filing the involuntary petition to have appellant adjudicated a bankrupt; Jerome Sacks, Sacks Bros. Loan Co., Inc. and Martin Thumin. It is therefore unnecessary that we consider whether Chicago Musical Instrument Co., Inc., qualifies as a petitioning creditor.

The petition for involuntary bankruptcy was filed on February 4, 1966. Prior thereto a receiver for appellant had been appointed by the Superior Court of Marion County, Indiana, on the complaint of the American Fletcher National Bank and Trust Co. to foreclose an alleged security interest and for the appointment of a receiver. The Bank had financed the appellant's business and held an alleged security interest covering the appellant's inventory and accounts receivable.

■ Appellant's contentions that the record does not support the findings of insolvency at the time of the receiver's appointment and that the receivership constituted an act of bankruptcy are without merit. The receiver was appointed on October 7, 1965. The record discloses that a statement of appellant's assets and liabilities as of the close of business on October 6, 1965, as prepared from appellant's books by a public accountant, filed in the receivership proceeding shows that appellant's assets were $239,808.87, and its liabilities $272,448.04. Appellant's argument that insolvency was not established is based solely on an allegation made by Jerome Sacks in other litigation that on October 6, 1965, appellant was not in imminent danger of insolvency, nor unable to pay its debts as they became due. But that unproven allegation is of no aid to appellant as against the documentary evidence adduced before the referee and upon which his finding of insolvency is based.

■ Appellant's additional contention that the State court receivership did not constitute an act of bankruptcy is based on a theory that it was not the type of a receivership required under 11 U.S.C.A. § 21(a) (5). Appellant argues that inasmuch as the receivership was incidental to a foreclosure of a security interest, and the receiver was authorized "to continue to operate and manage the business and property" of appellant "until further order of this court", the re-

3. § 95(h) provides:
"(h) A creditor shall not be estopped to act as a petitioning creditor because he participated in any prior matter or judicial proceeding, having for its purpose the adjustment or settlement of the affairs of the debtor or the liquidation of his property, or to allege such prior matter or proceeding as an act of bankruptcy, unless he has consented thereto in writing with knowledge of the facts, if any, which would be a bar to the discharge of the debtor under this title."

ceivership does not qualify as an act of bankruptcy. But this argument overlooks the fact that the receiver was appointed "to take charge of all the assets and property" of appellant "to hold, preserve and protect the same for the benefit of creditors". It was thus a general receivership and, as such, constituted the requisite act of bankruptcy. Decisions holding a receivership to be special rather than general turn on the circumstance that not all of the debtor's property is the subject of the receivership. Elfast v. Lamb, 2 Cir., 111 F.2d 434; Otis Elevator Co. v. Monks, 1 Cir., 191 F.2d 1000; In re Hayes (D.C.Alaska 1955), 127 F.Supp. 514, 517, 15 Alaska 379. Here all of the assets and property of the appellant were subjected to the receivership. It constituted an act of bankruptcy within the purview of § 21(a) (5).

Appellant's final contentions are that the rulings below denying its motion to dismiss and striking its tendered affirmative defenses were erroneous. We do not agree. Both were untimely filed. Moreover, appellant sustained no prejudice as a result of those rulings.

The judgment order of the District Court is affirmed.

Affirmed.