In re Larry Scholl HANSON, Individually and f/d/b/a The Paper Cellar

**and**

Karen Louise Hanson, Individually and f/d/b/a The Paper Cellar, Debtors.

Bankruptcy Nos. B78–1348, B78–1349.

United States Bankruptcy Court, N. D. Ohio, W. D.

Nov. 20, 1980.

David G. Wise, Spengler, Nathanson, Heyman, McCarthy & Durfee, Toledo, Ohio, for bankrupts.

Edward F. Zoltanski, trustee, Toledo, Ohio, for trustee.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This matter came on for the Court's consideration on the Application for Compensa-

tion of Attorney for the Trustee and the Objections thereto filed by the Attorney for the Bankrupts. Pursuant to the Order of this Court dated February 20, 1980, the Court bases its decision on the Objection upon the pleadings and original and supplemental memoranda supplied to the Court. The issue being identical in each case, the matters are consolidated for decision.

## FINDINGS OF FACTS

The Bankrupts, Larry Scholl Hanson and Karen Louise Hanson, sold their place of business, The Paper Cellar, on November 27, 1978. According to the terms of the sale, Peter D. Gwyn, Attorney for the Buyer, Sara G. Burand, retained in "escrow" the sum of $2,500.00 from the purchase money for payment of taxes which would become immediately due and payable upon the sale of the business, in compliance with Section 5739.14 of the Ohio Revised Code.

On December 21, 1978, Larry Hanson and Karen Hanson each filed a petition in bankruptcy, individually and d/b/a The Paper Cellar. Each received a discharge on April 4, 1979.

In the Trustee's Report of Receipts filed December 19, 1979, for both Larry S. Hanson (B78–1348) and Karen L. Hanson (B78–1349), the Trustee reported as part of each of the Bankrupt's estates, one-half of the funds placed in "escrow" from the sale of The Paper Cellar, or $1,250.00 per case. The Trustee demanded and received the funds from the Attorney the Buyer, Peter D. Gwyn, a few weeks after the petitions in bankruptcy were filed.

It appears that the total amount of the $2,500.00 is claimed by the Trustee as properly part of the estate from which the Trustee argues he is entitled to compensation for attorney services rendered by him on his behalf as Trustee.

## STATEMENT OF ISSUES

In his supplemental memorandum, the Trustee argues that the Bankrupts' Objection to Trustee's Application for Compensation for Attorney for Trustee is procedurally in error because:

1.) it seeks to determine ownership of assets, and

2.) it requests that certain assets, namely the $2,500.00 set aside out of the purchase money, be returned to a third party (the Attorney for the Buyer) not before the Court.

The Trustee further argues that the appropriate procedure for a third party to recover assets from the Trustee is a complaint for reclamation.

Pursuant to the equitable powers of the Bankruptcy Court (Section 2 of the Bankruptcy Act) and to Fed.R.Civ.P. 8(f), the Court, in the interests of judicial economy and substantial fairness, will construe the Objection of the Bankrupts to the Application for Compensation of Attorney for the Trustee as a Complaint for Reclamation on behalf of the purchasers of The Paper Cellar.

The Bankruptcy Act clearly provides that actual and necessary expenses and costs incurred by the Trustee shall be reported in detail under oath, and, if approved, they shall be paid out of the estates in which they were incurred. Section 62 Bankruptcy Act, 11 U.S.C. § 102. The basis of the Bankrupts' Objection to the Trustee's application is that the $2,500.00 does not properly constitute property of the estate out of which the Trustee or the Attorney for the Trustee may be paid. The Trustee, among other things, argues that the $2,500.00 passed to him upon the filing of the petitions in bankruptcy under Section 70(a)(8) of the Bankruptcy Act:

> "(8) property held by an assignee for the benefit of creditors appointed under an assignment which constituted an act of bankruptcy, which property shall, for purposes of this Act, be deemed to be held by the assignee as the agent of the bankrupt and shall be subject to the summary jurisdiction of the Court."

The Trustee has gone to some length to demonstrate an "attempted" preferential transfer by the withholding of the $2,500.00 fund. Apparently, the Trustee's theory is

that certain state taxing authorities were owed sales taxes collected by the Bankrupts during 1976 and 1978; the establishment of the $2,500.00 fund constituted an attempt to pay the taxing authorities on an antecedent debt within four months of the filing of the petitions in bankruptcy while the Bankrupts were insolvent, enabling the sales tax authorities to obtain a greater percentage of their debts than other creditors of the same classification.

Alternatively, the Trustee argues that his status as a lien creditor conferred by Section 70(c)(3) entitles him to administer the $2,500.00 as an asset of the estate because the taxing authorities with an interest in the $2,500.00 fund failed to perfect their interest pursuant to Chapter 1309 of the Ohio Revised Code (Article 9, Uniform Commercial Code).

The success of the Trustee's arguments depends primarily upon whether the $2,500.00 fund did in fact pass to the Trustee as property of the estate upon the filing of the petitions.

 The Court finds that the $2,500.00 fund does not come within the provision of Section 70(a)(8) as property of an assignment for the benefit of creditors which would constitute an act of bankruptcy. To establish an act of bankruptcy under Section 3(a)(4) of the Bankruptcy Act, a general assignment for the benefit of creditors must be present. It must be shown that there was "a transfer by a debtor of the legal and equitable title to all his property to a trustee, with authority to liquidate his affairs and distribute the proceeds equitably to his creditors," or that a transfer of property has the effect of the foregoing. *Central Fibre Products v. Hardin*, 82 F.2d 692 (5th Cir. 1936, citing *United States v. Middle States Oil*, 18 F.2d 231 (8th Cir. 1927). See also *J.J.S. Co., Inc. v. Sacks*, 445 F.2d 138 (7th Cir. 1971).

The Trustee's argument that the creation of the fund constitutes a preference must also fail. Section 60(a)(1) of the Bankruptcy Act defines a preference as (1) a transfer of any property of the debtor made or suffered by the debtor, (2) to or for the benefit of a creditor, (3) for or on account of an antecedent debt, (4) while the debtor is insolvent, (5) within four months of bankruptcy. Under Section 60(b) a preference is voidable by the trustee in bankruptcy *only* upon proof of the additional element that the creditor to be benefited by the preference had reasonable cause to believe that the debtor was insolvent. The burden of proving these essential elements rests with the trustee seeking to avoid the transfer. *Aulick v. Largent*, 295 F.2d 41 (4th Cir. 1961). The Trustee in this case has failed to meet this burden.

It is yet unclear whether the $2,500.00 fund was in fact property of the Bankrupts. Counsel for the Bankrupts argues that the Bankrupts had no control over or access to this money other than for the statutorily prescribed disposition pursuant to Section 5739.14 of the Ohio Revised Code. That Section states:

"If any person liable for the taxes levied by or pursuant to sections 5739.01 to 5739.31, inclusive, of the Revised Code, sells his business or stock of merchandise, or quits his business, the taxes and interest or penalty imposed by or pursuant to such sections on sales made prior to that time shall become due and payable immediately, and such person shall make a final return within fifteen days after the date of selling or quitting business. His successor shall withhold a sufficient amount of the purchase money to cover the amount of such taxes, interest, and penalties due and unpaid until the former owner produces a receipt from the tax commissioner showing that the taxes, interest, and penalties have been paid, or a certificate indicating that no taxes are due. If the purchaser of the business or stock of goods fails to withhold purchase money, he shall be personally liable for the payment of the taxes, interest, and penalties accrued and unpaid during the operation of the business by the former owner."

## CONCLUSIONS OF LAW

It appears to the Court that the *Buyer* of the business was acting in compliance with

the law of the State of Ohio by withholding from the purchase price an amount sufficient to cover taxes and penalties on sales of the business made prior to the Buyer's acquisition of the business. The Court finds that this withholding pursuant to a valid state law constitutes neither a preference nor an act of bankruptcy as an assignment for the benefit of creditors. The Attorney for the Buyer of the business was acting merely as a trustee under a statutory obligation for the benefit of the State of Ohio sales tax authority. Having found the existence of a statutory trust, the Court further finds that the case of *Selby v. Ford Motor Company*, 590 F.2d 642 (6th Cir. 1979) is decisive of this matter, wherein the Court held that statutory trusts arise automatically and no notice or filing is required to render the trust effective against the claims of a trustee in bankruptcy. *Selby*, supra at 648–49 (Headnote 6).

The claims of the State of Ohio for sales taxes are as follows:

1.) For December, 1975 and November, 1976, mathematical error resulted in a deficiency of $60.06, including penalty;

2.) Sales taxes due for June through November 1978, total $1,274.36 including penalty.

Based on the foregoing, it is

ORDERED, ADJUDGED and DECREED that the Bankrupts' Objection to Trustee's Application for Compensation of Attorney for Trustee be, and hereby is, SUSTAINED to the extent that compensation out of the $2,500.00 fund would diminish the amount available to the State of Ohio for sales taxes due and owing as a result of the transfer of the business. It is

FURTHER ORDERED that the Trustee in Bankruptcy turn over to Peter D. Gwyn, the Attorney for the Buyer of The Paper Cellar, the amount of $1,334.42 out of the $2,500.00, the remainder to be administered as an asset of the Bankrupts' estates.